ORIGINAL

FILED
DISTRICT COURT OF GUAM
OCT 17 2005
MARY L.M. MORAN
CLERK OF COURT

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Fax: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| FLORENCIA Q. LEWIS | ) | CIVIL CASE NO. 05-00026 |
| Plaintiff, | ) | |
| vs. | ) | **ANSWER OF THE UNITED STATES TO AMENDED COMPLAINT** |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

Defendant United States of America, by and through its counsel, Leonardo M. Rapadas, United States Attorney for the Districts of Guam and the NMI, and Mikel W. Schwab, Assistant United States Attorney for said Districts, answers Plaintiff's Complaint in like numbered paragraphs as follows:

1. This paragraph sets forth jurisdictional allegations to which no response is required. To the extent an answer is required, Defendant DENIES.

2. ADMITS in part. DENIES in part. The United States ADMITS that Plaintiff flew from Guam in August of 2002, and underwent an angiogram, stent placement and angioplasty of her renal artery on August 12, 2002. The United States is without sufficient information about the remainder of the averments, and therefor DENIES those allegations.

3. This paragraph sets forth a legal conclusion to which no response is required. To the extent an answer is required, Defendant DENIES.

4. This paragraph sets forth a legal conclusion to which no response is required. To the extent an answer is required, Defendant DENIES.

5. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 5 and, on that basis, DENIES those allegations.

6. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 6 and, on that basis, DENIES those allegations.

7. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 7 and, on that basis, DENIES those allegations.

8. This is a legal conclusion to which no response is required, however to the extent an answer is required, defendant DENIES.

9. DENIES.

10. DENIES. The date on the SF 95 claim form is "8/11/04". The claim was received by Tripler Army Medical Center on August 11, 2004.

11. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 11 and, on that basis, DENIES those allegations.

12. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 12 and, on that basis, DENIES those allegations.

13. DENIES.

14. DENIES.

15. DENIES.

16. DENIES.

17. DENIES.

18. DENIES.

19. DENIES.

20. DENIES.

21. DENIES.

22. DENIES.

23. DENIES.

24. DENIES.

The paragraph beginning with "Accordingly" sets forth Plaintiff's prayer for relief to which no response is required. To the extent this paragraph is deemed to contain allegations of material fact, DENIES.

All allegations not specifically responded to above are DENIED. And further answering, Defendant avers:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant DENIES that it owed Plaintiff any duty under law; that any of its agents or employees were negligent and/or breached any standard of care due the Plaintiff and/or engaged in any conduct which was the proximate cause of the injuries, damages and losses allegedly incurred by Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is diminished or completely barred by Guam law regarding comparative/contributory negligence.

### THIRD AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2675, Plaintiffs are prohibited from claiming or recovering an amount against the United States in **excess of that which was set forth** in a claim presented to the United States of America.

//
//
//

## FOURTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for prejudgment interest against the United States of America.

## FIFTH AFFIRMATIVE DEFENSE

Under 28 U.S.C. § 241 2(d)(1)(A), Plaintiff cannot recover attorney's fees from the United States of America.

## SIXTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial.

## SEVENTH AFFIRMATIVE DEFENSE

All future damages, if any, must be reduced to present value.

## EIGHTH AFFIRMATIVE DEFENSE

The United States is entitled to offset for all amounts received by Plaintiff from the United States and its agencies, and from all collateral sources, by reason of Plaintiff's alleged injuries.

## NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its Answer with additional defenses of which it may become aware as discovery progresses and to raise any other matter constituting an avoidance or affirmative defense.

//
//
//
//

WHEREFORE, having fully answered all counts of the Complaint, Defendant prays that Plaintiff takes nothing by way of her Complaint against it, that the same be dismissed, and that judgment be awarded in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate in this case.

Dated this 17th day of October, 2005

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney

OF COUNSEL:

Laura L. Waterman, R.N., J.D.
Medical Claims Attorney
Tripler Army Medical Center
Honolulu, HI
Tel: 808-433-4968