Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Boulevard, Suite 101
Hagatña, Guam 96910
Telephone No.: (671) 475-7448
Facsimile No.: (671) 477-4455
Email Address: WaysonWong@aol.com

**FILED**
DISTRICT COURT OF GUAM

DEC 2 8 2007 chs

**JEANNE G. QUINATA**
**Clerk of Court**

Attorney for Plaintiff

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| FLORENCIA Q. LEWIS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIV. NO. 05-00026<br><br>(Federal Tort Claims Act)<br><br>PLAINTIFF'S MOTION TO COMPEL PAYMENT OF SETTLEMENT AMOUNT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF FLORENCIA Q. LEWIS; DECLARATION OF WAYSON W. S. WONG; EXHIBITS "1 - 13"; CERTIFICATE OF SERVICE<br><br>No Hearing Requested |

## PLAINTIFF'S MOTION TO COMPEL PAYMENT OF SETTLEMENT AMOUNT

Plaintiff Florencia Q. Lewis, by and through her attorney, Wayson W. S.

Wong, Esq., moves this Court for an order compelling defendant United States to

pay her as soon as reasonably possible but within two months of such order, the

$339,900 settlement amount it had agreed to pay her for this case, together with

**ORIGINAL**

interest on that amount at the rate of eight percent (8%) per year from November 18, 2007, to December 31, 2007, and seven percent (7%) per year from January 1, 2008, until that entire amount has been paid and award her the reasonable attorney's fees and costs she has had to incur to obtain such payment, the amount of which will be determined subsequently.

This motion is made pursuant to Rule 7 of the Federal Rules of Civil Procedure, this Court's inherent authority and 28 U.S.C. § 2412(d) (for plaintiff's attorney's fees and costs).

This motion is based on the record of this case and on the documents attached to it.

Plaintiff waives any hearing on this motion and asks this Court to decide it expeditiously.

Dated: Honolulu, Hawaii, December 26, 2007 .

Wayson W. S. Wong
Attorney for Plaintiff

Plaintiff's Motion to Compel Payment of Settlement Amount, Lewis v. United States of America, District Court of Guam, Civil No. 05-00026

# IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

FLORENCIA Q. LEWIS,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIV. NO. 05-00026

(Federal Tort Claims Act)

MEMORANDUM OF POINTS AND
AUTHORITIES

## TABLE OF CONTENTS

I.  INTRODUCTION AND PERTINENT FACTS ............................................................1

    A.  GIST OF THE PROBLEM ............................................................1

    B.  THE MORE DETAILED FACTS ..................................................3

II.  DISCUSSION..................................................................................12

III.  CONCLUSION ...............................................................................17

# TABLE OF AUTHORITIES

## Cases

*Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988)...........................................14

*Reed v. United States*, 891 F.2d 878 (11th Cir. 1990)...................................12, 14, 15, 16

## **Statutes**

10 U.S.C. § 1072(7) (2007) .............................................................................................7

28 U.S.C. § 2412(d)(1) (2007) ...............................................................................15, 17

42 U.S.C. § 2651(a) (2007) ..............................................................................................6

18 G.C.A. § 87123 (2007)..............................................................................................14

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PERTINENT FACTS

### A. GIST OF THE PROBLEM

Plaintiff Florencia Lewis ("Mrs. Lewis") had just wanted the defendant United States to honor the settlement agreement it made with her and pay her the settlement amount as soon as reasonably possible.

In 2002, Mrs. Lewis was sent to Tripler Army Medical Center for a possible renal artery stent to improve the blood flow to her kidney. She left Tripler with permanent nerve damage in her left hand and arm. *See* Declaration of Florencia Q. Lewis attached.

She fought long and hard to have the United States recognize the harm its physician did to her. Finally, in August 2007, the United States offered her a settlement of $339,900, together with a waiver of all of its subrogation claims against her. She accepted that settlement.

The attorney for the United States in this case, Mikel Schwab, Esq., prepared and signed its proposed stipulation to confirm the terms and conditions of the settlement and sent that signed proposed stipulation to the attorney for Mrs. Lewis, Wayson W. S. Wong, Esq. On September 18, 2007, attorney Wong approved and signed that stipulation and returned it to attorney Schwab. The stipulation signed by both counsel confirmed the settlement reached and embodies its settlement terms and conditions. A duplicate of such signed stipulation ("settlement agreement") is attached as Exhibit "1".

Instead of processing the settlement agreement with the appropriate Federal agency for the payment to Mrs. Lewis, the United States has failed to do that since

September 18, 2007, to date, a delay of over three (3) months. In Mrs. Lewis' view, it has taken a position on a TRICARE issue that is totally unreasonable and clearly not substantially justified.

Under the settlement agreement, Mrs. Lewis is not obligated to indemnify the United States for any claims by TRICARE; and the United States has waived its right of subrogation against her. See Exhibit "1" (settlement agreement), paragraph 3, last two sentences.

Except as indicated otherwise (those facts supported by the Declaration of Florencia Q. Lewis attached), the above facts are supported by the Declaration of Wayson W. S. Wong attached.

The facts will show the following about TRICARE. It is the Department of Defense's (DoD's) worldwide heath care program available to eligible beneficiaries from any of the seven uniformed services. Such beneficiaries include family members of military retirees. TRICARE is funded by the United States. It is managed by the Assistant Secretary of Defense (Health Affairs). It is staffed by Federal employees. It uses the Federal Medical Care Recovery Act to recover from third parties for the cost of health care it has provided to its members. That Act allows only the United States to effect such recoveries. There should be no question that TRICARE is part of the United States.

The unfortunate gist of the problem is that some representatives of the United States involved in this case do not know what is part of it and what is not part of it. Attorney Schwab has incorrectly indicated that TRICARE is an insurer and is not part of the United States. See Declaration of Wayson W. S. Wong attached.

Even after proposing and signing the settlement agreement, attorney Schwab is now insisting that Mrs. Lewis sign a statement (in footnote 1) in another settlement agreement currently proposed by him before he will process any settlement agreement for payment. That statement is the second sentence of footnote 1, underlined below; it is untrue. Footnote 1 reads:

[1] The United States, by separate letter, has agreed to waive those charges for treatment offered at the U.S. Naval Hospital, Guam, and Tripler Army Medical Center, Hawaii, for the treatment of the injury at issue in this case. Plaintiff remains responsible for costs and obligations not for medical treatment offered at U.S. Naval Hospital Guam and Tripler, AMC, including payments to her insurance, Tricare, including those for medical care received from non-federal doctors and others.

Mrs. Lewis should not be coerced into agreeing to an untrue statement as a condition of her being paid the settlement amount under the settlement agreement. That is why she simply asks that this Court order the United States to honor the settlement agreement it entered into by paying her the settlement amount as soon as reasonably possible, together with appropriate interest and her attorney's fees and costs to enforce it. *See* Declaration of Wayson W. S. Wong attached.

## B. THE MORE DETAILED FACTS

This case was set for trial on several occasions, the last one being for August 2007; but the trial was postponed. In 2007, with the assistance of Magistrate Judge Joaquin Manibusan, settlement efforts and conferences were undertaken with this Court. *See* the record of this case.

Mrs. Lewis is 69. Her husband rose from the ranks in the Marine Corps; he was a noncommissioned officer and finally a warrant officer. He fought for our Country in Vietnam during his two tours of duty there. He has since passed away; but he earned

benefits from his dedicated service and retirement from the military. Those benefits include benefits Mrs. Lewis has received from TRICARE. *See* Declaration of Florencia Q. Lewis attached.

We stated that TRICARE is part of the United States. We restate what we stated to confirm that statement with appropriate authority.

Mrs. Lewis' counsel's staff went to the United States Naval Hospital Guam and obtained a printed brochure about TRICARE that is available at that hospital. The brochure has on it the official emblem of the Department of Defense of the United States. That brochure sets forth that "TRICARE is the Department of Defense's (DoD's) worldwide heath care program available to eligible beneficiaries from any of the seven uniformed services. That brochure is attached as Exhibit "2".

Furthermore, Mrs. Lewis asks this Court to take judicial notice of information on the World Wide Web (the "Internet") about TRICARE at http://www.tricare.mil, which is the official Web site of the TRICARE Management Activity, a component of the Military Health System, Skyline 5, Suite 810, 5111 Leesburg Pike, Falls Church, VA 22041-3206. If one goes to that site and reviews the information available, one will find the information shown in Exhibit "3", which are copies of pages printed from that site on 12/20/07 (see the bottom of the pages for the web address for the copies of the pages provided). Exhibit "3" includes further information on "What is Tricare," the first page of which reads in part:

TRICARE is the health care program serving active duty service members, retirees, their families, survivors and certain former spouses worldwide. As a major component of the Military Health System [URL:http://mhs.osd.mil/index.jsp], TRICARE brings together the health care resources of the uniformed services and supplements them with networks of civilian health care professionals, institutions, pharmacies and

supplies to provide access to high-quality health care services while
maintaining the capability to support military operations.

A link on that page leads one to the 2007 TRICARE Stakeholders Report, copies of pp.
1 and 16 - 17 of which are next included as part of Exhibit "3". Page 17 shows that
$39.32 billion of the United States FY06 Budget funded TRICARE. Furthermore, that
web site contains information that indicates that the TRICARE Chief Central Operations
Office is under the Assistant Secretary of Defense (Health Affairs), which is also set
forth in the last three pages of Exhibit "3".

In September 2007, while trying to confirm that TRICARE was part of the United
States with co-counsel for the United States in this case, Mrs. Lewis' counsel was
advised by such co-counsel to ascertain whether TRICARE would assert any claim in
this case. To do that, her counsel contacted Ms. Brandie Morse, who identified herself
as the TRICARE Area Office-Pacific Manager, Regional Customer Service Center and a
Federal employee. She advised him by email, to contact, among others, the Office of
the Judge Advocate General, Medical Care Recovery Unit San Diego. A duplicate of
her November 1, 2007 email to Mrs. Lewis' counsel about that is attached as part of
Exhibit "4" (second email of the four emails provided). Mrs. Lewis' counsel advised
attorney Schwab of such information and that TRICARE is really a representative of the
United States. See Exhibit "4" (all four emails included in it). Mrs. Lewis' counsel
followed Ms. Morse's advice. He contacted Harold Murray, the MCRU San Diego
Attorney, for the Medical Care Recovery Unit San Diego and learned from him that he
was an employee of the Department of the Navy and collected for benefits provided by

TRICARE only under the Federal Medical Care Recovery Act ("MCRA")[1]. By an email

on November 29, 2007, to attorney Schwab, he advised attorney Schwab of those facts

and their significance. A duplicate of that November 29, 2007 email is attached as

Exhibit "5". See Declaration of Wayson W. S. Wong attached.

That Act, embodied in part as 42 U.S.C. § 2651(a) (2007), provides:

§ 2651. Recovery by United States

(a) Conditions; exceptions; persons liable; amount of recovery;
subrogation; assignment. In any case in which the United States is
authorized or required by law to furnish or pay for hospital, medical,
surgical, or dental care and treatment (including prostheses and medical
appliances) to a person who is injured or suffers a disease, after the
effective date of this Act, under circumstances creating a tort liability upon
some third person (other than or in addition to the United States and
except employers of seamen treated under the provisions of section 322
of the Act of July 1, 1944 (58 Stat. 696), as amended (42 U.S.C. 249)) to
pay damages therefor, the United States shall have a right to recover
(independent of the rights of the injured or diseased person) from said
third person, or that person's insurer, the reasonable value of the care and
treatment so furnished, to be furnished, paid for, or to be paid for and
shall, as to this right be subrogated to any right or claim that the injured or
diseased person, his guardian, personal representative, estate,
dependents, or survivors has against such third person to the extent of the
reasonable value of the care and treatment so furnished, to be furnished,
paid for, or to be paid for. The head of the department or agency of the
United States furnishing such care or treatment may also require the
injured or diseased person, his guardian, personal representative, estate,
dependents, or survivors, as appropriate, to assign his claim or cause of
action against the third person to the extent of that right or claim.

Under that provision, only the United States is entitled to recover. TRICARE has

to be part of the United States since that Act can be used only by the United States, and

---

[1] As part of the information available under http://www.tricare.mil/, which Mrs. Lewis has
asked this Court to take judicial notice of, one can see from the URL of http://www.
tricare.mil/mybenefit/home/Medical/Claims/ThirdPartyLiability?, that [t]he Federal
Medical Care Recovery Act allows TRICARE to be reimbursed for its costs of treating
you if you are injured in an accident that was caused by someone else."

TRICARE uses that Act to pursue its claims for reimbursement of medical expenses it has paid.

Finally, Federal statutory law makes it clear that TRICARE is a program established by the Department of Defense of the United States. The provisions of 10 U.S.C. § 1072(7) (2007) reads in part as follows.

(7) The term "TRICARE program" means the managed health care program that is established by the Department of Defense under the authority of this chapter [10 USCS §§ 1071 et seq.], principally section 1097 of this title [10 USCS § 1097], and includes the competitive selection of contractors to financially underwrite the delivery of health care services under the Civilian Health and Medical Program of the Uniformed Services.

Based on statutory law, the facts presented in Exhibits "2 – 5" and the Declaration of Wayson W. S. Wong, all attached, together with the MCRA, again, there should be no question that TRICARE is part of the United States.

As a very important part of the settlement, Mrs. Lewis negotiated to preclude TRICARE from seeking any reimbursement from her of the medical costs it had paid for the treatment of her left arm and hand injuries. She was willing to agree to reduce her claim very substantially, but she did not want her lesser recovery to be further reduced by any reimbursement to TRICARE. See Declaration of Wayson W. S. Wong attached.

On May 25, 2007, Mrs. Lewis' counsel submitted her confidential settlement letter for judge Manibusan's review. Previously, on August 11, 2004, she had filed her Federal Tort Claims Act ("FTCA") claim for $1 million, and the United States had failed to make any settlement offer to her. After several settlement conferences with judge Manibusan, the United States offered her $339,900 to settle her case. Prior to that offer, on August 23, 2007, Mrs. Lewis' counsel submitted her third confidential settlement letter to judge Manibusan that contained the statement as follows.

As a condition of settlement at that amount, the Government also would need to agree that Tricare would not seek any reimbursement from her. I am willing to do that because I prefer that she be able to give herself a better life now, rather than perhaps years from now after more litigation.

At the August 24, 2007 settlement conference with judge Manibusan, which subsequently led to the settlement, that Government agreement about TRICARE was emphasized to attorney Schwab. *See* record of this case and the Declaration of Wayson W. S. Wong attached.

As indicated, given Mrs. Lewis' age (69), time was not on her side. That was one of the main reasons for settling for the lesser amount offered rather than pursuing the case for a greater recovery. But yet she has been unreasonably delayed in even obtaining that lesser amount. That is very unfair. *See* Declaration of Wayson W. S. Wong.

On August 31, 2007, Mrs. Lewis reluctantly agreed to accept the $339,900 offered by the United States, "...together with the United States' agreement to protect her from or release her from any claims by Tricare against her for the medical care she received or will receive for her left arm and hand injuries involved in this case." That was what was conveyed by email by her counsel to attorney Schwab on that date. In that email, her counsel also asked attorney Schwab to confirm that offer and her acceptance of the same, to indicate our settlement, which was still subject to our final written agreement to be negotiated in good faith. A duplicate of that email is attached as Exhibit "6". *See* Declaration of Wayson W. S. Wong.

On September 1, 2007, attorney Schwab sent Mrs. Lewis' counsel an email indicating clearly that the United States will not seek subrogation of medical expenses

from Mrs. Lewis if she agrees to our submitted Offer of Judgment (for \$339,900). A duplicate of attorney Schwab's September 1, 2007 email is attached as Exhibit "7". *See* Declaration of Wayson W. S. Wong.

Subsequently, on September 1, 2007, attorney Schwab indicated to Mrs. Lewis' counsel that he had not received Mrs. Lewis' counsel's August 31, 2007 email to him. On September 1, 2007, Mrs. Lewis' counsel forwarded that previous August 31, 2007 email to attorney Schwab, indicated why he had framed the settlement as a private settlement (privacy desired by both sides) rather than use any offer of judgment and asked for his position. A duplicate of Mrs. Lewis' counsel's September 1, 2007 email to attorney Schwab is attached as Exhibit "8". *See* Declaration of Wayson W. S. Wong.

Furthermore, in response to attorney Schwab's September 1, 2007 email, Mrs. Lewis' counsel sent him a second September 1, 2007 email to acknowledge confirmation about "… the United States/Tricare not seeking reimbursement for medical care provided to Mrs. Lewis for her left arm and hand condition." A duplicate of Mrs. Lewis' counsel's second September 1, 2007 email to attorney Schwab is attached as Exhibit "9". As indicated, that TRICARE matter was very important to Mrs. Lewis and her counsel. *See* Declaration of Wayson W. S. Wong.

In response to the first September 1, 2007 email by Mrs. Lewis' counsel, attorney Schwab responded twice by sending two additional emails to Mrs. Lewis' counsel on September 1, 2007. First, he said "Thank you!" (attorney Schwab's second September 1, 2007 email to Mrs. Lewis' counsel). Then he said "Great point. I will look for the appropriate paperwork." (attorney Schwab's third September 1, 2007 email to Mrs. Lewis' counsel). Those two emails from attorney Schwab indicated to Mrs. Lewis'

counsel that we had a private settlement for $339,900 and that the United States/Tricare would not be seeking reimbursement for medical care provided to Mrs. Lewis for her left arm and hand condition. Duplicates of those two additional emails are attached as Exhibit "10" and Exhibit "11", respectively. *See* Declaration of Wayson W. S. Wong.

Given attorney Schwab's indication that we had a settlement along the lines discussed in the emails (Exhibits "6 – 11"), Mrs. Lewis' counsel confirmed such settlement, subject to the final signed settlement agreement. *See* his third September 1, 2007 email to attorney Schwab, a duplicate of which is attached as Exhibit "12". *See* Declaration of Wayson W. S. Wong.

Attorney Schwab prepared the initial proposed settlement agreement in the form of a Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims pursuant to 28 U.S.C. § 2677 ("first stipulation") and sent it to Mrs. Lewis' counsel. Mrs. Lewis' counsel reviewed it and made suggested handwritten changes to the first stipulation. A duplicate of the first stipulation with such annotated suggested handwritten changes is attached as Exhibit "13" ("first stipulation with changes"). At the end of paragraph 3 of the first stipulation with changes, Mrs. Lewis' counsel suggested that the reimbursement and/or indemnification of the United States by Mrs. Lewis contain the agreed to exception for TRICARE claims and that the United States agree to either release or be responsible to pay such claims by TRICARE. His annotated suggested changes about that read as follows.

> ..., except for claims by Tricare for medical expenses it paid for plaintiff for her injuries involved in this case. As part of this settlement, the United States either will release or be responsible to pay such claims by Tricare.

He also explained to attorney Schwab that we had agreed to this. *See* Declaration of Wayson W. S. Wong

On September 17, 2007, Mrs. Lewis' counsel faxed the first stipulation with changes to attorney Schwab for his review, approval and potential revision. Attorney Schwab apparently reviewed that first stipulation with changes and revised it to include some of the changes Mrs. Lewis' counsel suggested and some additional language he wanted. With respect to TRICARE, he revised Mrs. Lewis' counsel's suggested changes as follows (new material underlined, deleted material bracketed).

..., except for claims by Tricare for medical expenses it paid for plaintiff for her injuries involved in this case. As part of this settlement, the United States waives its right of subrogation [either will release or be responsible to pay such claims by Tricare].

He revised other parts of the first stipulation with changes that are not pertinent. He then signed the revised stipulation and faxed it to Mrs. Lewis' counsel. *See* Declaration of Wayson W. S. Wong.

As indicated previously, on September 18, 2007, Mrs. Lewis' counsel reviewed, approved and signed that revised stipulation. Although he preferred his language that "... the United States either will release or be responsible to pay such claims by Tricare," he was satisfied that Mrs. Lewis was not required to indemnify the United States for any claims by TRICARE, and that the United States had agreed to waive its right of subrogation, which to him was tantamount to it releasing claims by TRICARE, especially since TRICARE was part of the United States. The other unrelated changes made by attorney Schwab in the revised stipulation also were acceptable. Thus, he

11

signed the revised stipulation on behalf of Mrs. Lewis and faxed it back to attorney
Schwab. *See* Declaration of Wayson W. S. Wong.

As indicated previously, the revised stipulation signed by attorney Schwab and
Mrs. Lewis' counsel confirmed the settlement reached and embodied its settlement
terms and conditions. It is the settlement agreement described above, a duplicate of
which is attached as Exhibit "1". *See* Declaration of Wayson W. S. Wong.

Nevertheless, rather than process the settlement agreement for payment of the
settlement amount to Mrs. Lewis, the United States, through it counsel, for more than
three (3) months, have unreasonably delayed her payment. Instead, as indicated,
attorney Schwab has incorrectly indicated that TRICARE is an insurer and is not part of
the United States. He has failed to present any facts to support his position.
Furthermore, instead, as indicated, he has insisted that to obtain her settlement
payment, Mrs. Lewis has to sign an untrue statement about her and TRICARE. *See*
Declaration of Wayson W. S. Wong.

## II.    DISCUSSION

This Court has jurisdiction to order the United States to pay the settlement
amount as soon as reasonably possible.

In *Reed v. United States*, 891 F.2d 878 (11th Cir. 1990), the Eleventh Circuit
affirmed the District Court's grant of a motion to approve and enforce the settlement
agreement under facts much like the ones in this case. The facts were as follows. The
plaintiffs were the parents who brought a lawsuit involving their minor son's and their
FTCA claims against the United States for its alleged medical malpractice involving the
birth of their son. He was left with alleged severe and disabling injuries. Settlement

negotiations resulted in a tentative settlement, subject to approval and further authorization within the Justice Department. Such approval was obtained. On the morning of November 28, 1986, the United States' attorney telephoned the plaintiffs' attorney that such approval had been obtain. The plaintiffs' attorney immediately dispatched a speed memo to the United States' attorney confirming that approval. The plaintiffs' son died that evening. The United States opposed the motion on two grounds. It first contended that under Florida law, the personal injury claims involved had abated upon the son's death. It secondly contended that the dispute now involved a claim against the Government in contract; and accordingly, under the Tucker Act, the United States Court of Claims had exclusive jurisdiction over it. The District Court rejected both contentions. It found that the parties had reached a final settlement before the son's death; and as indicated, granted plaintiffs' motion to approve and enforce the settlement agreement.

With respect to the United States' Tucker Act contention, the Eleventh Circuit held:

> The government contends that the district court lacked subject matter jurisdiction to enforce the settlement. In the government's view, the motion to enforce the settlement agreement after Benjamin's death converted the action into a breach of contract claim. The government correctly states that federal district courts do not have jurisdiction to entertain breach of contract claims in which the government is a party and the claims exceed $ 10,000. The Tucker Act vests exclusive jurisdiction over these claims in the United States Claims Court. 28 U.S.C. § 1491. In this case, however, the district court properly assumed jurisdiction under the FTCA. We hold that under these circumstances the jurisdiction of the district court includes the power to enforce a settlement resulting from the claim that provided the basis for jurisdiction.

*Id.* at 880. *See Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988) (District Court has the power to enforce a settlement agreement even it if has not been reduced to writing.).

The facts show that on September 1, 2007, the settlement was reached in this case, subject to the final written agreement. *See* Exhibits "6 – 12" and the facts pertaining to them as described previously. That final written settlement agreement was signed by counsel for both parties as of September 18, 2007. *See* Exhibit "1" and the facts pertaining to it as described previously.

Under the settlement agreement, the United States has been required to pay Mrs. Lewis $339,900. It has failed to even process the settlement agreement to begin to effect such payment. It should have paid her within a reasonable time. *See* 18 G.C.A. § 87123 (2007) ("If no time is specified for the performance of an act required to be performed, a reasonable time is allowed."). It should have paid her within eight weeks of September 18, 2007,[2] or by November 18, 2007. It has failed to pay her within a reasonable time.

Under the law and principles of fairness and justice, this Court should require the United States to honor its agreement with Mrs. Lewis by ordering it to pay the $339,900 as soon as reasonably possible. Under those same principles of fairness and justice, Mrs. Lewis respectfully requests interest in the amount of eight percent (8%) per year from November 18, 2007 up to December 31, 2007, and seven percent (7%) per year

---

[2] In another case involving a payment of a settlement with the United States, attorney Schwab's office has indicated that it takes about 6 – 8 weeks to obtain such payment, and that was correct for that payment. *See* Declaration of Wayson W. S. Wong attached.

from January 1, 2008, until the $339,900 has been paid. Those interest rates are what

the IRS has been charging for those same periods. See IR-2007-193, Nov. 28, 2007

(see also http://www.irs.gov/newsroom/article/0,,id=176038,00.html).

In the Reed case, the plaintiffs asked for their attorney's fees under the Equal

Access to Justice Act[3] with respect to their efforts to enforce the settlement agreement,

but the Court denied them. Nevertheless, the Eleventh Circuit's discussion of that

matter indicates that such an award for such attorney's fees would be allowable, if the

proper showing was made. The discussion was as follows.

> The final issue is appellees' cross-appeal from the district court's
> denial of attorney's fees under the Equal Access to Justice Act, 28 U.S.C.
> § 2412, for appellees' efforts to enforce the settlement agreement. The
> Act provides that "a court shall award to a prevailing party other than the

---

[3] That Act provides in part (28 U.S.C. § 2412(d)(1)) :

(d)

(1) (A) Except as otherwise specifically provided by statute, a court shall
award to a prevailing party other than the United States fees and other
expenses, in addition to any costs awarded pursuant to subsection (a),
incurred by that party in any civil action (other than cases sounding in tort),
including proceedings for judicial review of agency action, brought by or
against the United States in any court having jurisdiction of that action,
unless the court finds that the position of the United States was
substantially justified or that special circumstances make an award unjust.
(B) A party seeking an award of fees and other expenses shall, within
thirty days of final judgment in the action, submit to the court an
application for fees and other expenses which shows that the party is a
prevailing party and is eligible to receive an award under this subsection,
and the amount sought, including an itemized statement from any attorney
or expert witness representing or appearing in behalf of the party stating
the actual time expended and the rate at which fees and other expenses
were computed. The party shall also allege that the position of the United
States was not substantially justified. Whether or not the position of the
United States was substantially justified shall be determined on the basis
of the record (including the record with respect to the action or failure to
act by the agency upon which the civil action is based) which is made in
the civil action for which fees and other expenses are sought.

United State fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* § 2412(d)(1)(A). The district court did not abuse its discretion in finding that the government's position was substantially justified, especially in light of the difficult issues of law involved in this case.

*Reed v. United States*, 891 F.2d at 882.

However, in this case, the position of the United States has been unreasonable and not substantially justified. There have been no special circumstances to make such an award unjust. The facts indicate that such an award is fully justified and fair. The enforcement has been required because of the United States' counsel being unreasonably unwilling to accept and understand the fact that TRICARE is part of the United States after Mrs. Lewis' counsel presenting them time after time with the facts which show that.[4] The United States' counsel have never presented any facts otherwise from any authoritative source.

As indicated, attorney Schwab has been insisting that Mrs. Lewis agree in writing to the following incorrect statement.

Plaintiff remains responsible for costs and obligations not for medical treatment offered at U.S. Naval Hospital Guam and Tripler, AMC, including payments to her insurance, Tricare, including those for medical care received from non-federal doctors and others.

Mrs. Lewis has had TRICARE for Life plan; she obtained the medical benefits of that plan because of the dedicated military service of her late husband, and her strong indirect support of such service. *See* Declaration of Florencia Q. Lewis. Under the

_____

[4] From September 28, 2007, up to December 19, 2007, Mrs. Lewis' counsel presented to attorney Schwab and/or his co-counsel, facts showing that TRICARE has been part of the United States at least 10 times. *See* Declaration of Wayson W. S. Wong attached.

handbook for TRICARE for Life[5], she has been and will be entitled to receive benefits from TRICARE; and she has had no obligation to repay it any of those benefits she has received or will receive. Accordingly, under Mrs. Lewis' TRICARE plan, she has had no responsibility for reimbursing TRICARE for the costs it has paid or will pay for left hand and arm treatment, whether she received or will receive such treatment from Dr. Jerone Landstrom (the private hand surgeon that surgically gave her more function in her left hand) or from the U.S. Naval Hospital Guam, which monitored or will monitor Dr. Landstrom's treatment.[6] To coerce her into being responsible for something she is not responsible for is totally unfair; nevertheless, this is what the United States is doing. It should not be allowed to do that.

III. CONCLUSION

By reason of the foregoing, Mrs. Lewis respectfully requests that this Court order the United States to honor its settlement agreement with her and pay her as soon as reasonably possible but within two months of such order, the $339,900 settlement amount that it had agreed to pay her. She also asks for appropriate interest on that amount from November 18, 2007, until that amount has been fully paid. Pursuant to 28 U.S.C. § 2412(d)(1)(A), she additionally asks this Court to award her the attorney's fees and costs she has had to incur to enforce the settlement agreement.

---

[5] That handbook is available for review at the http://www.tricare.mil web site that Mrs. Lewis has asked this Court to take judicial notice of; it is 36 pages long and rather than include it as another exhibit, Mrs. Lewis asks this Court to review that handbook at the URL of http://tricare.mil/mybenefit/Download/Forms/TFL_Handbook.pdf.

[6] As explained on pp. 4 – 5 of this memorandum, this is typical of how this Federal program works; as indicated, it uses military health care such as U.S. Hospital Guam, as the main delivery system, supplemented by a civilian network of providers like Dr. Landstrom, to provide the needed health care.

Dated:  Honolulu, Hawaii, <u>December 26, 2007</u>.

<u>Wayson W. S. Wong</u>
Wayson W. S. Wong
Attorney for Plaintiff

Memorandum of Points and Authorities, Lewis v. United States of America, District Court of Guam, Civ. No. 05-00026

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| FLORENCIA Q. LEWIS, | ) CIV. NO. 05-00026 |
| | ) |
| Plaintiff, | ) (Federal Tort Claims Act) |
| | ) |
| vs. | ) DECLARATION OF FLORENCIA |
| | ) Q. LEWIS |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

## DECLARATION OF FLORENCIA Q. LEWIS

I, Florencia Q. Lewis, declare as follows.

1. I am 69 years old and competent to give this declaration.

2. In 2002, I was sent to Tripler Army Medical Center for a possible renal

artery stent to improve the blood flow to my kidney.

3. I left Tripler with permanent nerve damage in my left hand and arm.

4. Before such injuries, I had been married to the late Jesse Lewis.

5. My husband was a Marine.

6. He rose from the ranks to become a non commissioned officer and later a

warrant officer.

7. He served two tours of duty in Vietnam.

8.    He passed away, but he earned benefits for his dedicated service and retirement from the military.

9.    Those benefits include the benefits I have received from TRICARE.

10.    I have the TRICARE for Life plan.

11.    I have and will continue to receive the medical benefits of that plan because of the dedicated military service of my husband, and in my opinion, because of the strong support I always gave him to do the best he could as a Marine.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: Hagatna, Guam, December 27, 2007.

Florencia Q. Lewis
Florencia Q. Lewis

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| FLORENCIA Q. LEWIS, | ) CIV. NO. 05-00026 |
| | ) |
| Plaintiff, | ) (Federal Tort Claims Act) |
| | ) |
| vs. | ) DECLARATION OF WAYSON W. |
| | ) S. WONG |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## DECLARATION OF WAYSON W. S. WONG

I, Wayson W. S. Wong, declare as follows.

### Gist of the Problem Facts

1.    I have been the attorney for plaintiff Florencia Q. Lewis ("Mrs. Lewis") in this case since its inception.

2.    From September 18, 2007 – December 26, 2007, Mrs. Lewis had just wanted the defendant United States to honor the settlement agreement it made with her and pay her the settlement amount as soon as reasonably possible.

3.    Mrs. Lewis fought long and hard to have the United States recognize the harm its physician did to her.

4.    Finally, in August 2007, the United States offered her a settlement of $339,900, together with a waiver of all of its subrogation claims against her.

5.     She accepted that settlement.

6.     The attorney for the United States in this case, Mikel Schwab, Esq.,
prepared and signed its proposed stipulation to confirm the terms and conditions of the
settlement and sent that signed proposed stipulation to me.

7.     On September 18, 2007, I approved and signed that stipulation and
returned it to attorney Schwab.

8.     The stipulation signed by both counsel confirmed the settlement reached
and embodies its settlement terms and conditions; a duplicate of such signed stipulation
("settlement agreement") is attached to Plaintiff's Motion to Compel Payment of
Settlement Amount ("this motion") as Exhibit "1".

9.     Instead of processing the settlement agreement with the appropriate
Federal agency for the payment to Mrs. Lewis, the United States has failed to do that
since September 18, 2007, to date, a delay of over three (3) months.

10.    In Mrs. Lewis' view, it has taken a position on a TRICARE issue that is
totally unreasonable and clearly not substantially justified.

11.    Under the settlement agreement, Mrs. Lewis is not obligated to indemnify
the United States for any claims by TRICARE; and the United States has waived its
right of subrogation against her. See Exhibit "1" (settlement agreement), paragraph 3,
last two sentences.

12.    The unfortunate gist of the problem is that some representatives of the
United States involved in this case do not know what is part of it and what is not part of
it.

13.    Attorney Schwab has incorrectly indicated that TRICARE is an insurer and
is not part of the United States.

14.     Even after proposing and signing the settlement agreement, attorney

Schwab is now insisting that Mrs. Lewis sign a statement (in footnote 1) in another

settlement agreement currently proposed by him before he will process any settlement

agreement for payment.

15.     That statement is the second sentence of footnote 1, underlined below; it

is untrue. Footnote 1 reads:

<sup>1</sup> The United States, by separate letter, has agreed to waive those
charges for treatment offered at the U.S. Naval Hospital, Guam, and
Tripler Army Medical Center, Hawaii, for the treatment of the injury at
issue in this case. Plaintiff remains responsible for costs and obligations
not for medical treatment offered at U.S. Naval Hospital Guam and Tripler,
AMC, including payments to her insurance, Tricare, including those for
medical care received from non-federal doctors and others.

16.     Mrs. Lewis should not be coerced into agreeing to an untrue statement as

a condition of her being paid the settlement amount under the settlement agreement.

## The More Detailed Facts

17.     My law office staff went to the United States Naval Hospital Guam and

obtained a printed brochure about TRICARE that is available at that hospital.

18.     That brochure is attached to this motion as Exhibit "2".

19.     In September 2007, while trying to confirm that TRICARE was part of the

United States with co-counsel for the United States in this case, I was advised by such

co-counsel to ascertain whether TRICARE would assert any claim in this case.

20.     To do that, I contacted Ms. Brandie Morse, who identified herself as the

TRICARE Area Office-Pacific Manager, Regional Customer Service Center and a

Federal employee.

21.     Ms. Morse advised me to contact, among others, the Office of the Judge

Advocate General, Medical Care Recovery Unit San Diego; a duplicate of her

November 1, 2007 email to me about that is attached as part of Exhibit "4" (second email of the four emails provided) to this motion.

22.    I advised attorney Schwab of such information from Ms. Morse and that TRICARE is really a representative of the United States; see Exhibit "4" (all four emails included in it).

23.    I followed Ms. Morse's advice and contacted Harold Murray, the MCRU San Diego Attorney, for the Medical Care Recovery Unit San Diego and learned from him that he was an employee of the Department of the Navy and collected for benefits provided by TRICARE only under the Federal Medical Care Recovery Act ("MCRA").

24.    By an email on November 29, 2007, to attorney Schwab, I advised him of those facts concerning attorney Murray and what he did and their significance; a duplicate of that November 29, 2007 email is attached as Exhibit "5" to this motion.

25.    As a very important part of the settlement, Mrs. Lewis negotiated to preclude TRICARE from seeking any reimbursement from her of the medical costs it had paid for the treatment of her left arm and hand injuries.

26.    She was willing to agree to reduce her claim very substantially, but she did not want her lesser recovery to be further reduced by any reimbursement to TRICARE.

27.    On May 25, 2007, I submitted her confidential settlement letter for Magistrate Judge Joaquin Manibusan's review.

28.    Previously, on August 11, 2004, she had filed her Federal Tort Claims Act ("FTCA") claim for $1 million, and the United States had failed to make any settlement offer to her.

29.    After several settlement conferences with judge Manibusan, the United States offered her $339,900 to settle her case.

30. Prior to that offer, on August 23, 2007, I submitted her third confidential settlement letter to judge Manibusan that contained the statement as follows.

> As a condition of settlement at that amount, the Government also would need to agree that Tricare would not seek any reimbursement from her. I am willing to do that because I prefer that she be able to give herself a better life now, rather than perhaps years from now after more litigation.

31. At the August 24, 2007 settlement conference with judge Manibusan, which subsequently led to the settlement, that Government agreement about TRICARE was emphasized to attorney Schwab.

32. Given Mrs. Lewis' age (69), time was not on her side.

33. That was one of the main reasons for settling for the lesser amount offered rather than pursuing the case for a greater recovery.

34. But yet she has been unreasonably delayed in even obtaining that lesser amount; that is very unfair.

35. On August 31, 2007, Mrs. Lewis reluctantly agreed to accept the $339,900 offered by the United States, "...together with the United States' agreement to protect her from or release her from any claims by Tricare against her for the medical care she received or will receive for her left arm and hand injuries involved in this case."

36. That acceptance and statement were conveyed by email by me to attorney Schwab on that date.

37. In that email, I also asked attorney Schwab to confirm that offer and her acceptance of the same, to indicate our settlement, which was still subject to our final written agreement to be negotiated in good faith.

38. A duplicate of that August 31, 2007 email is attached as Exhibit "6" to this motion.

39. On September 1, 2007, attorney Schwab sent me an email indicating clearly that the United States will not seek subrogation of medical expenses from Mrs. Lewis if she agrees to its submitted Offer of Judgment (for $339,900); a duplicate of attorney Schwab's September 1, 2007 email is attached as Exhibit "7" to this motion.

40. Subsequently, on September 1, 2007, attorney Schwab indicated to me that he had not received my August 31, 2007 email to him.

41. On September 1, 2007, I forwarded that previous August 31, 2007 email to attorney Schwab, indicated why I had framed the settlement as a private settlement (privacy desired by both sides) rather than use any offer of judgment and asked for his position; a duplicate of my September 1, 2007 email to attorney Schwab is attached as Exhibit "8" to this motion.

42. Furthermore, in response to attorney Schwab's September 1, 2007 email, I sent him a second September 1, 2007 email to acknowledge confirmation about "… the United States/Tricare not seeking reimbursement for medical care provided to Mrs. Lewis for her left arm and hand condition"; a duplicate of my second September 1, 2007 email to attorney Schwab is attached as Exhibit "9" to this motion.

43. As indicated, that TRICARE matter was very important to Mrs. Lewis and me.

44. In response to my first September 1, 2007 email to attorney Schwab, he responded twice by sending two additional emails to me on September 1, 2007.

45. First, he said "Thank you!" (attorney Schwab's second September 1, 2007 email to me).

46. Then he said "Great point. I will look for the appropriate paperwork." (attorney Schwab's third September 1, 2007 email to me).

47. Those two emails from attorney Schwab indicated to me that we had a private settlement for $339,900 and that the United States/Tricare would not be seeking reimbursement for medical care provided to Mrs. Lewis for her left arm and hand condition.

48. Duplicates of attorney Schwab's second and third September 1, 2007 emails to me are attached as Exhibit "10" and Exhibit "11", respectively, to this motion.

49. Given attorney Schwab's indication that we had a settlement along the lines discussed in the emails (Exhibits "6 – 11" to this motion), I confirmed such settlement, subject to the final signed settlement agreement; see my third September 1, 2007 email to attorney Schwab, a duplicate of which is attached as Exhibit "12" to this motion.

50. I am informed and believe that attorney Schwab prepared the initial proposed settlement agreement in the form of a Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims pursuant to 28 U.S.C. § 2677 ("first stipulation") and sent it to me.

51. I reviewed the first stipulation and made suggested handwritten changes to it.

52. A duplicate of the first stipulation with such annotated suggested handwritten changes is attached as Exhibit "13" ("first stipulation with changes") to this motion.

53. At the end of paragraph 3 of the first stipulation with changes, I suggested that the reimbursement and/or indemnification of the United States by Mrs. Lewis contain the agreed to exception for TRICARE claims and that the United States agree to

either release or be responsible to pay such claims by TRICARE; my annotated

suggested changes about that read as follows.

> ..., except for claims by Tricare for medical expenses it paid for
> plaintiff for her injuries involved in this case. As part of this settlement, the
> United States either will release or be responsible to pay such claims by
> Tricare.

54. At that same location on the first stipulation with changes, I explained to

attorney Schwab that we had agreed to this.

55. On September 17, 2007, I faxed the first stipulation with changes to

attorney Schwab for his review, approval and potential revision.

56. Attorney Schwab apparently reviewed that first stipulation with changes

and revised it to include some of the changes I suggested and some additional

language he wanted.

57. With respect to TRICARE, he revised my suggested changes as follows

(new material underlined, deleted material bracketed).

> ..., except for claims by Tricare for medical expenses it paid for
> plaintiff for her injuries involved in this case. As part of this settlement, the
> United States waives its right of subrogation [either will release or be
> responsible to pay such claims by Tricare].

58. He also revised other parts of the first stipulation with changes that are not

pertinent.

59. I am informed and believe that he then signed the revised stipulation and

faxed it to me.

60. As indicated previously, on September 18, 2007, I reviewed, approved

and signed that revised stipulation (settlement agreement).

61. Although I preferred my language that "... the United States either will

release or be responsible to pay such claims by Tricare," I was satisfied that Mrs. Lewis

was not required to indemnify the United States for any claims by TRICARE, and that the United States had agreed to waive its right of subrogation, which to me was tantamount to it releasing claims by TRICARE, especially since TRICARE was part of the United States.

62.     The other unrelated changes made by attorney Schwab in the revised stipulation also were acceptable.

63.     Thus, I signed the revised stipulation on behalf of Mrs. Lewis and faxed it back to attorney Schwab.

64.     As indicated previously, the revised stipulation signed by attorney Schwab and myself confirmed the settlement reached and embodied its settlement terms and conditions; it is the settlement agreement, a duplicate of which is attached as Exhibit "1" to this motion.

65.     Nevertheless, rather than process the settlement agreement for payment of the settlement amount to Mrs. Lewis, the United States, through it counsel, for more than three (3) months, have unreasonably delayed her payment.

66.     Instead, as indicated, attorney Schwab has incorrectly indicated that TRICARE is an insurer and is not part of the United States; he has failed to present any facts to support his position.

67.     Furthermore, instead, as indicated, he has insisted that to obtain her settlement payment, Mrs. Lewis has to sign an untrue statement about her and TRICARE.

I declare under penalty of perjury under the laws of Guam that the foregoing statements are true and correct.

Dated: Honolulu, Hawaii, <u>December 26, 2007</u> .

<u>Wayson W. S. Wong</u>
Wayson W. S. Wong
Attorney for Plaintiff

Declaration of Wayson W. S. Wong, Lewis v. United States of America, District Court of Guam, Civ. No. 05-00026

# EXHIBIT "1"

F. Lewis (q
9/18/07
file in cross file

1  LEONARDO M. RAPADAS
   United States Attorney
2  MIKEL W. SCHWAB
   Assistant U.S. Attorney
3  KATHARYNE P. CLARK
   Special Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Ave.
5  Hagåtña, Guam 96910
   TEL: (671) 472-7332
6  FAX: (671) 472-7215

7  Attorneys for the United States of America

8              DISTRICT COURT OF GUAM

9               TERRITORY OF GUAM

10
   FLORENCIA Q. LEWIS,              )    CIVIL CASE NO. 05-00026
11                                  )
                    Plaintiff.      )
12                                  )
            vs.                     )
13                                  )
   UNITED STATES OF AMERICA,        )
14                                  )
                    Defendant.      )
15  _____)

16

17        STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE
18     OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

19
         It is hereby stipulated by and between the undersigned plaintiff and the United States of
20
   America, by and through their respective attorneys, as follows:
21
         1.      The parties do hereby agree to settle and compromise each and every claim
22
   of any kind, whether known or unknown, arising directly or indirectly from the acts or
23
   omissions that gave rise to the above-captioned action under the terms and conditions set forth in
24
   this Settlement Agreement.
25
         2.      The United States of America agrees to pay the sum of THREE HUNDRED
26

27

28

THIRTY NINE THOUSAND NINE HUNDRED Dollars ($339,900.00) which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiff, or their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3.    Plaintiff and her guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-caption, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and her guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of actions, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or her guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death, except for claims by Tricare for medical expenses it paid for plaintiff for her injuries involved in this case. As part of this settlement, the United States waives its right of subrogation.

4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. The person signing this Settlement Agreement warrant and represent that he or she possesses full authority to bind the person(s) on whose behalf they are signing to the terms of the settlement.

8. Payment of the settlement amount will be made by government wire transfer as per the following:

    A.  Name of Bank: Bank of Hawaii, Main Branch, Hagatna Branch

    B.  Street Address of Bank:

    C.  City, State, and Zip Code of Bank: Hagatna, Guam 96910

    D.  Routing Number: 121405018

    E.  Name of Account: Law Offices of Wayson W.S. Wong Client Trust Account

    G.  Account Number: 0038-094718

Plaintiff's attorney agrees to distribute the settlement proceeds to the plaintiff, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

1    9.    The parties will sign a separate Stipulation for Dismissal which shall be filed with

2  the U.S. District Court upon payment of the settlement proceeds.

3    10.   This Stipulation for Compromise Settlement and Release will not be filed unless

4  determined to be necessary in order to obtain the payment described.

5    11.   The Parties agree that this Stipulation for Compromise Settlement and Release,

6  including all the terms and conditions of this compromise settlement and any additional

7  agreements relating thereto, should be kept confidential unless disclosure is ordered by a court, if

8  Plaintiff needs to enforce it, or if the United States must disclose it under any obligation including

9  5 U.S.C. § 552a(b).

10

11

12  LEONARDO M. RAPADAS
    United States Attorney

13

14

    _____                    _____
15  MIKEL W. SCHWAB                                              Dated
    Assistant U.S. Attorney
16  Attorney for Defendant United States of America

17

    _____                    _____
18  WAYSON W.S. WONG                                   9/18/07
    Attorney for Plaintiff                                         Dated

19

20

    _____                    _____
21  FLORENCIA Q. LEWIS                                          Dated
    Plaintiff
22

23

24

25

26

27                                                    _____

28                                                    _____

# EXHIBIT "2"



# TRICARE Choices: *At a Glance*





TRICARE is the Department of Defense's (DoD's) worldwide health care program available to eligible beneficiaries from any of the seven uniformed services—the U.S. Army, U.S. Navy, U.S. Air Force, U.S. Marine Corps, U.S. Coast Guard, Commissioned Corps of the U.S. Public Health Service (USPHS), and the Commissioned Corps of the National Oceanic and Atmospheric Administration (NOAA).

*TRICARE Choices: At a Glance* provides an overview of TRICARE's program options, including pharmacy and dental, in the North, South, and West regions. Eligibility for TRICARE is determined by information in the Defense Enrollment Eligibility Reporting System (DEERS). It is important for sponsors to keep DEERS records up to date. For more detailed eligibility, enrollment, costs, and coverage information, visit *www.tricare.osd.mil* or contact the appropriate contractor.

## What TRICARE program options are available?

Depending on your beneficiary category and location, you may be eligible for different program options. Use the table below to determine the available program options. Additional program details are listed inside. Your options may change when you move, or when you become entitled to Medicare Part A. For assistance when moving or traveling, contact your regional contractor. (See page 2 for contact information.)

## TRICARE Program Options

| Beneficiary Type | Program Options |
|---|---|
| **Active duty service members (ADSMs)** <br><br> *(Includes members of the National Guard/Reserve[1] activated for more than 30 consecutive days)* | TRICARE Prime <br> TRICARE Prime Remote |
| **Active duty family members (ADFMs)** <br><br> *(Includes family members of National Guard/Reserve members activated for more than 30 consecutive days)* | TRICARE Prime <br> TRICARE Prime Remote for Active Duty Family Members <br> TRICARE Standard <br> TRICARE Extra <br> TRICARE For Life *(if Medicare-eligible)* <br> Uniformed Services Family Health Plan <br> TRICARE Dental Program |
| **Retired service members and eligible family members, survivors, Medal of Honor recipients, former spouses, and others** | TRICARE Prime <br> TRICARE Standard <br> TRICARE Extra <br> TRICARE For Life *(if Medicare-eligible)* <br> Uniformed Services Family Health Plan <br> TRICARE Retiree Dental Program |

*1. The National Guard/Reserve includes the Army National Guard, the Army Reserve, the Navy Reserve, the Marine Corps Reserve, the Air National Guard, the Air Force Reserve, and the U.S. Coast Guard Reserve. For more information about benefits for the National Guard/Reserve, visit www.defenselink.mil/ra. Members of the National Guard/Reserve who are not on active duty are also eligible for the TRICARE Dental Program.*

## TRICARE Prime

TRICARE Prime is a managed care option offering the most affordable and comprehensive health care. TRICARE Prime is available in areas near a military treatment facility (MTF) and where regional contractors have established TRICARE Prime networks.

* Enrollment required
* Enhanced benefits and services
* Priority access for care at MTFs
* Most care received from an assigned primary care manager (PCM)
* PCM referrals required for specialty care
* No claims to file (in most cases)
* Flexible enrollment options
* Easy to transfer when moving to a new TRICARE region

## TRICARE Prime Remote



TRICARE Prime Remote (TPR) offers a TRICARE Prime-like benefit for ADSMs who live and work more than 50 miles or an hour's drive from an MTF. TRICARE Prime Remote for Active Duty Family Members (TPRADFM) is available to eligible family members residing with their TPR-enrolled sponsors.

* Enrollment required
* Only available in designated TPR ZIP code areas
* Enhanced benefits and services
* Priority access for care
* Receive care from an assigned network PCM, if available, or any TRICARE-authorized/certified provider if a network PCM is not available
* PCM referrals required for specialty care
* No claims to file (in most cases)

## TRICARE Standard

TRICARE Standard is a fee-for-service option that gives beneficiaries flexibility and choice in managing their health care. TRICARE Standard is the most costly option.

* Referrals not required for specialty care (Some services may require prior authorization.)
* Available worldwide
* Care received from any TRICARE-authorized/certified provider
* May have to submit health care claims
* MTF care on a space-available basis only

## TRICARE Extra

TRICARE Extra is the preferred provider option that allows TRICARE Standard beneficiaries to choose any TRICARE network provider (where available) and pay reduced cost-shares for covered services.

* Referrals not required for specialty care (Some services may require prior authorization.)
* Not available overseas
* Care received from any TRICARE network provider
* No claims to file (in most cases)
* MTF care on a space-available basis only

For assistance or questions regarding these program options, contact the contractor for your region:

### Regional Contractors

**TRICARE West Region**
TriWest Healthcare Alliance
1-888-TRIWEST (1-888-874-9378)
*www.triwest.com*

**TRICARE North Region**
Health Net Federal Services, Inc.
1-877-TRICARE (1-877-874-2273)
*www.healthnetfederalservices.com*

**TRICARE South Region**
Humana Military Healthcare Services, Inc.
1-800-444-5445
*www.humana-military.com*

## TRICARE For Life

 TRICARE For Life (TFL) offers Medicare-wraparound coverage to TRICARE beneficiaries who are entitled to Medicare Part A due to age, disability, or end-stage renal disease, and who also have Medicare Part B coverage.* With TFL, your provider will file the claims with Medicare. Medicare will pay its portion and automatically forward the claim electronically to TRICARE for processing.

### How TFL Works

* Beneficiaries (except for ADFMs) must purchase Medicare Part B.*
* Beneficiaries may receive care from any Medicare provider.
* Claims are processed as follows:
    * For services covered by both Medicare and TRICARE, Medicare pays first and TRICARE pays second.
    * For services covered by TRICARE, but not by Medicare, TRICARE is the only payer. TRICARE will pay its portion, and you are responsible for applicable TRICARE deductibles and cost-shares.
    * For services covered by Medicare and not by TRICARE, Medicare is the only payer, and you are responsible for Medicare deductibles and cost-shares.
    * For services not covered by Medicare or TRICARE, you are responsible for the entire bill.
* For all Medicare-eligible ADFMs, claims for inpatient services will be processed as described above. For outpatient services, if an ADFM is not enrolled in Medicare Part B, TRICARE will pay its portion and you are responsible for any applicable TRICARE deductibles and cost-shares (like any ADFM not entitled to Medicare).

For more information about TRICARE For Life, call Wisconsin Physicians Service at 1-866-773-0404, or visit *www.tricare4u.com*.

---

*\* With the exception of ADFMs, all beneficiaries entitled to Medicare Part A must enroll in Medicare Part B to maintain their TRICARE eligibility.*

## Uniformed Services Family Health Plan

The Uniformed Services Family Health Plan (USFHP) is an additional TRICARE Prime option available to ADFMs and retirees and their eligible family members, including those age 65 and over, through networks of community-based hospitals and physicians in six areas of the country.

> **Johns Hopkins Community Physicians**
> 1-800-808-7347
> *Serving central Maryland and parts of Pennsylvania, Virginia, and West Virginia*
>
> **Martin's Point Health Care**
> 1-888-241-4556
> *Serving Maine and New Hampshire*
>
> **Brighton Marine Health Center**
> 1-800-818-8589
> *Serving central and eastern Massachusetts, including Cape Cod, and Rhode Island*
>
> **Saint Vincent Catholic Medical Centers**
> 1-800-241-4848
> *Serving parts of New York, all of New Jersey, eastern Pennsylvania, and southern Connecticut*
>
> **CHRISTUS Health**
> 1-800-678-7347
> *Serving southeast Texas and southwest Louisiana*
>
> **Pacific Medical Centers (PacMed Clinics)**
> 1-888-958-7347
> *Serving the Puget Sound area of Washington State*

**Note:** If you enroll in USFHP, you may not access care at an MTF. Furthermore, you are not eligible to use the other program options listed in this flyer. If you move or disenroll from USFHP, you regain eligibility for other TRICARE programs.

For more information or to enroll, call 1-800-74-USFHP (1-800-748-7347) or visit the USFHP Web site at *www.usfamilyhealthplan.org*.



## TRICARE Pharmacy Program

TRICARE provides prescription medication for all eligible TRICARE beneficiaries. Costs for prescriptions are based on the category under which the drug is classified—formulary or non-formulary and generic or brand name—and where the prescription is filled—MTF pharmacy, TRICARE Mail Order Pharmacy (TMOP), TRICARE Retail Pharmacy (TRRx) network, or a non-network pharmacy. Learn about the Uniform Formulary Search Tool and other pharmacy benefit information at *www.tricare.osd.mil/pharmacy*.

### Pharmacy Contact Information

**TRICARE Mail Order Pharmacy**
Express Scripts, Inc.
1-866-DoD-TMOP (1-866-363-8667)
*www.express-scripts.com/TRICARE*

**TRICARE Retail Pharmacy**
Express Scripts, Inc.
1-866-DoD-TRRx (1-866-363-8779)
*www.express-scripts.com/TRICARE*

## TRICARE Dental Program

The TRICARE Dental Program (TDP) is available to eligible ADFMs, members of the National Guard/Reserve, and their eligible family members.

### TDP Benefits

* Voluntary enrollment
* Worldwide, portable coverage
* Single and family plans available
* Affordable monthly premiums
* Lower specialty care cost-shares for E1–E4 pay grades
* Comprehensive coverage for most dental services
* 100 percent coverage for preventive and diagnostic services

### TDP Contact Information

**TRICARE Dental Program**
United Concordia Companies, Inc.
1-888-622-2256
*www.TRICAREdentalprogram.com*

## TRICARE Retiree Dental Program

The TRICARE Retiree Dental Program (TRDP) is available to retired service members and their eligible family members, including retired National Guard/Reserve members.

### TRDP Benefits

* Voluntary enrollment
* Nationwide, portable coverage
* Single, two-party, and family plans available
* Monthly premiums vary regionally by ZIP code; minimal deductibles and cost-shares
* Comprehensive coverage for most dental services; visit any dentist within the TRDP service area

### TRDP Contact Information

**TRICARE Retiree Dental Program**
Delta Dental Plan
1-888-838-8737
*www.trdp.org*

FL523001BEC0606L

# EXHIBIT "3"

**Current Profile:** No Profile

# Beneficiary Home > Overview > What Is Tricare

TRICARE is the health care program serving active duty service members, retirees, their families, survivors and certain former spouses worldwide. As a major component of the Military Health System [URL: http://mhs.osd.mil/index.jsp] , TRICARE brings together the health care resources of the uniformed services and supplements them with networks of civilian health care professionals, institutions, pharmacies and suppliers to provide access to high-quality health care services while maintaining the capability to support military operations.

To be eligible for TRICARE benefits, you must be registered in the Defense Enrollment Eligibility Reporting System. TRICARE offers several health plan options to meet the needs of it's beneficiary population. Additionally, TRICARE offers two dental plans and several additional special programs.

**Our Mission**
To enhance the Department of Defense and our nation's security by providing health support for the full range of military operations and sustaining the health of all those entrusted to our care

**Our Vision**
To be a world-class health care system that supports the military mission by fostering, protecting, sustaining and restoring health.

**Eligible Beneficiaries**

- Approximately 9.1 million

**Military Facilities Worldwide**

- 65 military hospitals
- 412 medical clinics
- 414 dental clinics

**Last Modified:** December 04,2007

Case 1:05-cv-00026     Document 65-2      Filed 12/28/2007     Page 7 of 40



Anytime. Anywhere.

*Keeping Warfighters Ready.  For Life.*

# 2007 **TRICARE**
## Stakeholders Report



## The Basic Facts of TRICARE



**Mission**

To enhance the Department of Defense and our nation's security by providing health support for the full range of military operations and sustaining the health of all those entrusted to our care

**Vision**

A world-class health care system that supports the military mission by fostering, protecting, sustaining, and restoring health



**What is TRICARE**

A health care plan using military health care as the main delivery system

- Augmented by a civilian network of providers and facilities

- Serving our uniformed services, their families, retired military, and their families worldwide



## TRICARE Figures

9.1 million
TRICARE Eligible Beneficiaries

- 5.0 million
  TRICARE Prime Enrollees

- 1.6 million
  TRICARE For Life

- 169,000
  TRICARE Plus

- 94,000
  US Family Health Plan

- 34,200
  TRICARE Reserve Select

- 2.2 million
  Non-enrolled Users

- 62,000
  Age 65 & older
  (not TRICARE For Life)

TRICARE Dental Coverage

- 1.7 million
  Active Duty

- 1.8 million
  Active Duty Family Members

- 975,000 Retirees

MHS Direct Care Facilities

- 65 Military Hospitals
- 412 Medical Clinics
- 414 Dental Clinics

132,700 MHS Personnel

- 86,400 Military
- 46,300 Civilian

39.32 billion FY06 Budget
(Unified Medical Program)

- $28.16 billion
  Defense Health
  Program

- $11.16 billion
  Medicare Eligible
  Retiree Accrual Fund

## A Week in The Life

19,600
Inpatient Admissions

- 5,000 Direct Care

- 14,600 Purchased Care

Outpatient Workload
(Direct care only)

- 642,400 Professional
  Outpatient Encounters

- 102,900 Dental Seatings

2,100 Births

- 1,000 Direct Care

- 1,100 Purchased Care

2.22 million Prescriptions

- 1.12 million Retail Pharmacies

- 948,000 Direct Care

- 150,000 Mail Order

3.5 million Claims Processed

$754 million Weekly Bill

Clinical & Program Policy Home - December 21, 2007

# Chief Central Operations Office



**Search for** _____ in Beneficiary Pages [Go]   Beneficiary Jump To:

| MHS Information | Beneficiary Information | Provider Information |

Duplicate Claim Systems

Reimbursement Systems

Lead Agents/ Regional Offices

Operations Center

Provider Family Centered Care

TMA Solicitations

TRICARE Manuals

Resource Links

**Mission**

The Chief Central Operations Office serves as the principal advisor to the Assistant Secretary of Defense (Health Affairs) on DoD health plan policy and oversight of the health plan performance.

**Operations Directorate Organization**

TRICARE

Case 1:05-cv-00026    Document 65-2    Filed 12/28/2007    Page 11 of 40

http://www.tricare.mil/opsdirectorate/default.cfm



Chief Central Operations Office | Deputy Chief TRICARE Acquisition | Contract Requirements & Operations | Acquisition Management & Support | Beneficiary & Provider Service | Administration | Deputy Chief Resources | Resource Management | TMA Procurement Support | Office of Administration | Contract Resource Management | Deputy Chief Joint Health Plan Coordination | TRICARE Program Development | TRICARE Health Plan Coordination | Designated Provider Program Office

www.tricare.mil is the official Web site of the

12/20/2007

Clinical & Program Policy Home - December 21, 2007



Office of the Assistant Secretary of Defense (Health Affairs) and the TRICARE Management Activity
Skyline 5, Suite 810, 5111 Leesburg Pike, Falls Church, VA 22041-3206
Claims | TRICARE Benefits Questions | Website Feedback | Privacy Policy
Page Updated Tuesday, October 25, 2005.

Page 3 of 3

12/20/2007

# EXHIBIT "4"

F. Lewis (6)

Subj:   **Fwd: Florencia Lewis**
Date:   11/1/2007 5:28:38 PM West Pacific Standard Time
From:   WaysonWong
To:     Mikel.Schwab@usdoj.gov, KATHARYNE.CLARK@US.ARMY.MIL
CC:     Marie.Chenery@usdoj.gov, nova@loww.net

Mikel,

Let's finalize this settlement and see if we can give Mrs. Lewis her settlement proceeds by Christmas.

My efforts and most recent communications with Tricare indicate that it is part of the United States. I forward you my latest email communication with Brandie Morse, the TRICARE Area Office-Pacific Manager, Regional Customer Service Center. She is a United States GS employee.

On or about 9/18/07, you and I signed a stipulation that is appropriate to finalize the settlement for this case, and then the Tricare issue arose. Now that it has become a nonissue, I suggest that we proceed with that stipulation. Please have Marie send the version you signed to me and I will sign it and have Mrs. Lewis sign it and return it to her. Then Marie and/or Frances can do their magic and obtain the funds. The only other thing I ask is that we revise paragraph 8 (which is not on the signature page) to read:

> Name of Bank: Bank of Hawaii, Main Branch (Hagatna Branch)
> Street Address of Bank: 123 West Soledad Avenue
>
> Name of Account: Law Offices of Wayson Wong, A Professional Corporation,
>                  Clients' Trust Account

We do not want the settlement proceeds to go to the incorrect account. All other information in the stipulation is fine. And again, for privacy concerns, the stipulation will not be filed unless a party needs to file it for enforcement purposes.

I know you are on a deposition trip, but your attention to this simple matter with just an "OK" from you, will go a long way in again showing the competent kindness you have shown in this case.

Thank you, Wayson Wong

---

See what's new at AOL.com and Make AOL Your Homepage.

---

Forwarded Message:

Subj:   **Re: Florencia Lewis**
Date:   11/1/2007 4:26:55 PM West Pacific Standard Time
From:   WaysonWong
To:     Brandie.Morse@med.navy.mil

In a message dated 11/1/2007 3:58:22 PM West Pacific Standard Time, Brandie.Morse@med.navy.mil writes:

Mr. Wong,

The Lewis case would fall under Third Party Liability and the following information applies:

The Uniformed Services and the Department of Health and Human Services (DHHS) have designated the following offices to receive injury claims and Personal Injury Statements for possible recovery under the Federal Medical Recovery Act. The appropriate claims office is selected based upon the sponsor's branch of service and the state in which the accident occurred. Usually, that is the state in which care was provided.

Please send any requests for information regarding this case to:

Office of the Judge Advocate General
Medical Care Recovery Unit San Diego
3395 Sturtevant Street, Suite 2
San Diego, CA 92136-5138

-or-

Office of the Judge Advocate General
Medical Care Recovery Unit Norfolk
9053 First Street, Suite 100
Norfolk, VA 23511-3605

The local Military Legal Office may have phone numbers for these JAG offices, if needed.

V/R,
Brandie Morse
TRICARE Area Office-Pacific
Manager, Regional Customer Service Center
BCAC/DCAO
Regional Marketing Liaison
DSN: 315-643-2038
Comm: 81-6117-43-2038
Toll Free: 888-777-8343 option 4
Fax: 81-6117-43-2037
brandie.morse@med.navy.mil

****Proprietary and Confidential****
"This document may contain information covered under the Privacy Act, 5 USC 552(a), and/or the Health Insurance Portability and Accountability Act (PL 104-191) and its various implementing regulations and must be protected in accordance with those provisions. Healthcare information is personal and sensitive and must be treated accordingly. If this correspondence contains healthcare information it is being provided to you after appropriate authorization from the patient or under circumstances that don't require patient authorization. You, the recipient, are obligated to maintain it in a safe, secure and confidential manner. Redisclosure without additional patient consent or as permitted by law is prohibited. Unauthorized redisclosure or failure to maintain confidentiality subjects you to application of appropriate sanction. If you have received this correspondence in error, please notify the sender at once and destroy any copies you have made."

-----Original Message-----
From: WaysonWong@aol.com [mailto:WaysonWong@aol.com]

Sent: Thursday, November 01, 2007 9:13 AM
To: Morse, Brandie J CIV
Subject: Fwd: Florencia Lewis

Brandie,

Please, please give me a call.

Thanks, Wayson Wong

---

See what's new at AOL.com <http://www.aol.com?NCID=AOLCMP00300000001170>
and Make AOL Your Homepage
<http://www.aol.com/mksplash.adp?NCID=AOLCMP00300000001169> .

Brandie,

Thanks very much for your response.

It confirms my suspicion that the dog is chasing its tail.

If the United States is the liable party and has agreed to waive any claims it has
for reimbursement for medical treatment it provided, which it has done in the Lewis
case, and Tricare is really a representative of the United States (as representative
of the Uniform Services and DHHS), then reimbursement to Tricare is a non issue
in this case. The two JAG offices you referred me to are collecting for the United
States, and no one else; JAGs do not collect for private companies. Thus, they
would be claiming for the United States, which again, has already waived its
claims for reimbursement in this case.

Have a Happy Holiday Season, Wayson Wong

---

See what's new at AOL.com and Make AOL Your Homepage.

# EXHIBIT "5"

Subj: **Lewis v. United States**
Date: 11/29/2007
To: Mikel.Schwab@usdoj.gov
CC: harold.g.murray@navy.mil, KATHARYNE.CLARK@US.ARMY.MIL

Mikel,

Please call Mr. Harold G. Murray, at (619) 556-1662. He is the Attorney Advisor to the San Diego Medical Care Recovery Act Unit that Tricare asked me to contact to determine what claims Tricare would assert against us. He is an employee of the United States Navy.

Again, he told me that his authority to collect on behalf of Tricare comes from the Federal Medical Care Recovery Act. He also advised me that the amount collected goes directly into the Treasury of the United States. Under the Act, the United States is the entity, and the only entity, that has the right to recover. Travelers Insurance Company of any other private insurer has no such right. Since Tricare's right to recover is the right of the United States to recover, Tricare is essentially the United States.

Basically, the United States does not pursue the United States under the Federal Medical Care Recovery Act. Under the Act, it pursues other third-party tortfeasors.

Furthermore, since the United States is not claiming from Mrs. Lewis any medical benefits it provided to her, and since Tricare is essentially the United States, Tricare is not claiming any medical benefits it provided to her.

I believe that Mr. Murray can and will confirm all of this for you. And in any case, I believe that you had agreed that the United States would agree to handle any reimbursement claim by Tricare, if such claim existed. That is what we had been seeking in each and every settlement negotiations we attempted. But it appears that such is a nonissue in any event.

Again, based on the above information, I am willing to move forward with the settlement agreement you and I already signed (the only signature to be obtained is Mrs. Lewis'). May we proceed?

Please respond to this email by Monday, December 3, 2007. Otherwise, I need to file a motion to compel the settlement and seek interest and our attorney's fees and costs.

Thank you, Wayson Wong

# EXHIBIT "6"

Subj:      **Lewis v. United States**
Date:      8/31/2007 4:40:59 PM West Pacific Standard Time
From:      WaysonWong
To:        Mikel.Schwab@usdoj.gov

Mikel,

Mrs. Lewis has reluctantly agreed to accept your settlement offer of a payment by the United States to her of $339,900, together with the United States' agreement to protect her from or release her from any claims by Tricare against her for the medical care she received or will receive for her left arm and hand injuries involved in this case. Please confirm that you made such offer and her acceptance of the same; then we have a settlement, but still subject to our final written agreement to the same, the ancillary terms of which will be negotiated in good faith.

Thank you, Wayson Wong

Get a sneak peek of the all-new AOL.com.

# EXHIBIT "7"

Subj:     **Decision NOT to seek subrogation if Offer of Judgment is accepted by the Plaintiff LEWIS**
Date:     9/1/2007 4:42:39 PM West Pacific Standard Time
From:     Mikel.Schwab@usdoj.gov
To:       WaysonWong@aol.com
CC:       Katharyne.Clark@AMEDD.ARMY.MIL, Marie.Chenery@usdoj.gov

Wayson,

At our settlment hearing on Friday before Judge Manibusan the topic of subrogration was raised.  The United States will not seek subrogation IF the Offer of Judgment is accepted.   That, I believe, increases the value of the offer of settlement we have made.

You had stated that you would be sending me an email to ask for confirmation of that intent to NOT seek subrogation.  I do not see an email on my system with this inquiry so I am writing this email to you.

To repeat, the United States will not seek subrogation of medical expenses from Ms. Lewis if she agrees to our submitted Offer Of Judgment.  I believe the Offer and the decision to not seek subrogation is in the best interests of all the parties.

My best,   Mikel W. Schwab

Saturday, September 01, 2007 America Online: WaysonWong

7

# EXHIBIT "8"

Subj:     **Fwd: Lewis v. United States**
Date:     9/1/2007
To:       Mikel.Schwab@usdoj.gov

Mikel,

This is the email I sent you.

I have framed the settlement as that, a private settlement.  If we use an accepted offer of judgment, the news media may grab it and put it in the front page.  In the interests of your client and the doctor involved, you probably do not want to see that.

Your position please?

Thanks, Wayson Wong

# EXHIBIT "9"

Subj:     **Re: Decision NOT to seek subrogation if Offer of Judgment is accepted by the ...**
Date:     9/1/2007
To:       Mikel.Schwab@usdoj.gov

Mikel,

Thanks for your confirmation about the United States/Tricare not seeking reimbursement for medical care provided to Mrs. Lewis for her left arm and hand conditon. I resent you my yesterday's email for your consideration about making this a private settlement vs. an accepted offer of judgment filed in court.

Please respond.

Thanks, Wayson Wong

EXHIBIT "10"

Subj:   **RE: Lewis v. United States**
Date:   9/1/2007 5:41:52 PM West Pacific Standard Time
From:   Mikel.Schwab@usdoj.gov
To:     WaysonWong@aol.com

Thank you!

**From:** WaysonWong@aol.com [mailto:WaysonWong@aol.com]
**Sent:** Saturday, September 01, 2007 5:17 PM
**To:** Schwab, Mikel (USAGU)
**Subject:** Fwd: Lewis v. United States

Mikel,

This is the email I sent you.

I have framed the settlement as that, a private settlement. If we use an accepted offer of judgment, the news media may grab it and put it in the front page. In the interests of your client and the doctor involved, you probably do not want to see that.

Your position please?

Thanks, Wayson Wong

Get a sneak peek of the all-new AOL.com.

Wednesday, December 26, 2007 America Online: WaysonWong

10

# EXHIBIT "11"

Subj:      **RE: Lewis v. United States**
Date:      9/1/2007 5:42:39 PM West Pacific Standard Time
From:      Mikel.Schwab@usdoj.gov
To:        WaysonWong@aol.com

Great point. I will look for the appropriate paperwork. Thanks, M

---

**From:** WaysonWong@aol.com [mailto:WaysonWong@aol.com]
**Sent:** Saturday, September 01, 2007 5:17 PM
**To:** Schwab, Mikel (USAGU)
**Subject:** Fwd: Lewis v. United States

Mikel,

This is the email I sent you.

I have framed the settlement as that, a private settlement. If we use an accepted offer of judgment, the news media may grab it and put it in the front page. In the interests of your client and the doctor involved, you probably do not want to see that.

Your position please?

Thanks, Wayson Wong

---

Get a sneak peek of the all-new AOL.com.

Saturday, September 01, 2007 America Online: WaysonWong

# EXHIBIT "12"

F. Lewis (6)

Final
settlement

| | |
|---|---|
| Subj: | **Re: Lewis v. United States** |
| Date: | 9/1/2007 6:01:11 PM West Pacific Standard Time |
| From: | WaysonWong |
| To: | Mikel.Schwab@usdoj.gov |

Mikel,

Thank you, we have a settlement, subject to the final signed settlement agreement.

Take care, Wayson Wong

---

Get a sneak peek of the all-new AOL.com.

# EXHIBIT "13"

faxed to
(671)472-7215    9/17/07
Michel,

I thought we wanted
to keep this settlement
confidential. My suggested
changes are enclosed.
Wayson Wong

file in
comp file

1  LEONARDO M. RAPADAS
   United States Attorney
2  MIKEL W. SCHWAB
   Assistant U.S. Attorney
3  KATHARYNE P. CLARK
   Special Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Ave.
5  Hagåtña, Guam 96910
   TEL: (671) 472-7332
6  FAX: (671) 472-7215

7  Attorneys for the United States of America

8                 DISTRICT COURT OF GUAM

9                 TERRITORY OF GUAM

10

11 FLORENCIA Q. LEWIS,              )    CIVIL CASE NO. 05-00026
                                    )
12                Plaintiff.        )
                                    )
13        vs.                       )
                                    )
14 UNITED STATES OF AMERICA,        )
                                    )
15                Defendant.        )
                                    )

16

17        STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE
18     OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

19

20        It is hereby stipulated by and between the undersigned plaintiff and the United States of

21 America, by and through their respective attorneys, as follows:

22        1.    The parties do hereby agree to settle and compromise each and every claim

23 of any kind, whether known or unknown, arising directly or indirectly from the acts or

24 omissions that gave rise to the above-captioned action under the terms and conditions set forth in

25 this Settlement Agreement.

26        2.    The United States of America agrees to pay the sum of THREE HUNDRED

27

28

THIRTY NINE THOUSAND NINE HUNDRED Dollars ($339,900.00) which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiff, or their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3.     Plaintiff and her guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-caption, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and her guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of actions, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or her guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death, ~~except for claims by Tricare for medical expenses it paid for plaintiff for her injuries involved in this case. As part of~~

4.     This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault ~~on the part of the United~~

*this settlement, the United States either will release or be responsible to pay such claims by Tricare.*

*we agreed to this*

1  States, its agents, servants, or employees, and it is specifically denied that they are liable to the

2  plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed

3  claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

4      5.     It is also agreed, by and among the parties, that the respective parties will

5  each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiffs

6  will be paid out of the settlement amount and not in addition thereto.

7      6.     It is also understood by and among the parties that pursuant to Title 28,

8  United States Code, Section 2678, attorney's fees for services rendered in connection with this

9  action shall not exceed 25 per centum of the amount of the compromise settlement.

10     7.     The person signing this Settlement Agreement warrant and represent that

11  he possess *or she* full authority to bind the person(s) on whose behalf they are signing to the terms of the

12  settlement. ~~Plaintiff further agrees that the United States may void this settlement at its option in~~

13  ~~the event such approval is not obtained in a timely manner. In the event plaintiff fails to obtain~~

14  ~~such Court approval, the entire~~ Stipulation For Compromise Settlement And Release ~~and the~~

15  ~~compromise settlement are null and void.~~

*Court approval not needed nor desired to keep settlement confidential*

16     8.     Payment of the settlement amount will be made by government wire transfer as per

17  the following:

18          A.     Name of Bank: Bank of Hawaii, Hagatna Branch

19          B.     Street Address of Bank:

20          C.     City, State, and Zip Code of Bank: Hagatna, Guam 96910

21          D.     Routing Number: 121405018

22          E.     Name of Account: Law Offices of Wayson W.S. Wong Client Trust
                   Account

23

24          G.     Account Number: 0038-094718

25  Plaintiff's attorney agrees to distribute the settlement proceeds to the plaintiff, and to obtain a

26  dismissal of the above-captioned action with prejudice, with each party bearing its own fees,

27

28

1  costs, and expenses.

2      9.    The parties will sign a separate ~~request~~ *stipulation* for dismissal which shall be filed with the

3  U.S. District Court *upon payment of the settlement proceeds.*

4      10.   This Stipulation for Compromise Settlement and Release will not be filed unless

5  determined to be necessary in order to *obtain the* ~~execute~~ *disbursed* payment.

6      11.   The Parties agree that ~~this Stipulation for Compromise~~ Settlement and Release,

7  including all the terms and conditions of this compromise settlement and any additional

8  agreements relating thereto, *should be kept confidential unless disclosure is ordered by* ~~can be made public in their entirety, and the plaintiffs expressly~~ *a court or*

9  ~~consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).~~ *unless plaintiff needs to enforce it.*

10

11

12  LEONARDO M. RAPADAS
    United States Attorney

13

14

15  MIKEL W. SCHWAB                              Dated
    Assistant U.S. Attorney

16  Attorney for Defendant United States of America

17

18  WAYSON W.S. WONG                             Dated
    Attorney for Plaintiff

19

20

21  FLORENCIA Q. LEWIS                           Dated
    Plaintiff

22

23

24

25

26

27

28

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

FLORENCIA Q. LEWIS,                    ) CIV. NO. 05-00026
                                        )
                Plaintiff,              ) (Federal Tort Claims Act)
                                        )
        vs.                             ) CERTIFICATE OF SERVICE
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                Defendant.              )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, a copy of the foregoing

documents was duly served by personal delivery, to the following at his last

known address.

> Mikel W. Schwab, Esq.
> Assistant U.S. Attorney
> Sirena Plaza, Suite 500
> 108 Hernan Cortes Ave.
> Hagatna, Guam 96910

Attorney for Defendant

Dated: Honolulu, Hawaii, December 27, 2007 .


_Wayson W. S. Wong_
Wayson W. S. Wong
Attorney for Plaintiff