# ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

JAN 1 1 2008 nDO

**JEANNE G. QUINATA**
**Clerk of Court**

## UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

FLORENCIA Q. LEWIS, )
                   )
        Plaintiff, )
                   )
      vs. )
                   )
UNITED STATES OF AMERICA, )
                   )
        Defendant )

**CIVIL CASE NO. 05-00026**

**OPPOSITION OF THE UNITED STATES TO PLAINTIFF'S MOTION TO COMPEL PAYMENT OF SETTLEMENT AMOUNT**

      The United States welcomes the opportunity to clear up any misconceptions the Plaintiff may have about the ability and willingness of the United States to settle this case for the amount of $339,900.00 as offered. Plaintiff is under a misconception that the United States must also obligate itself for unknown bills that Plaintiff apparently intends to submit at some future date to her medical benefits program, TRICARE. The United States will not (and can not) agree to such an unusual arrangement and has been clear from its first suggestion that it will not. (Attachment A).

      There are two ways that Plaintiff can accept the settlement amount of $339,900.00. The Plaintiff can accept an offer of judgment from the United States in that amount. (Attachment B). The other approved method is for Plaintiff to sign the standard United States Department of Justice (U. S. DOJ) form for settlement. (Attachment C).

//

//

Ordinarily, in the event of a judgment for an injury, the United States has the right to collect (or deduct) the amounts it expended on the treatment of Plaintiff at its' Military Treatment Facilities (MTF), such as Naval Hospital or Tripler. [1] (The United States has not yet charged Plaintiff or anyone for its treatment of her, as of this time.) It is completely proper for the United States to agree to not charge for such expenses. In 18 years of federal practice and in training at U. S. DOJ, it is apparent that such an agreement is a commonly applied way to help reach a settlement.

Plaintiff has inexplicably parlayed this into an argument that the United States should somehow agree that his client does not have to pay her medical benefits program, TRICARE, for bills that may be submitted to her program in the future. These bills will apparently be from private doctors and private facilities that she has consulted. These bills apparently have nothing to do with her treatment at Tripler, Naval Hospital, or any other federal MTF.

Further, and most disconcerting, is Plaintiff's refusal to specify what bills Plaintiff is referring to (Attachment D). The United States has no information as the terms and conditions of Plaintiff's particular program with TRICARE (though the TRICARE website identifies three levels of benefits that are possible, Prime, Extra and Standard, see http://www.tricare.mil/mybenefit/home/overview/ComparePlans? ). Because the United States has no influence over the private doctors or private facilities which have or will bill her TRICARE, it would appear to be Plaintiff's intention to not pay TRICARE at some point in the future. (It is not clear, because Plaintiff will not respond to questions, whether she is just seeking to not make her copayments, or something more.) This idea of insisting that the United States agree to Plaintiff's plan to "stiff" TRICARE is unheard of, either by this Assistant United States

---

[1] Plaintiff alleges nerve damage in her right hand (she can not fully grip) resulting from an interventional radiology procedure to save a kidney threatened by her uncontrolled hypertension. The surgery was successful, saving her kidney -and quite likely her life- but Plaintiff claims the nerve damage at the puncture site was due to a hematoma caused by negligence. Plaintiff's injury was not the result of any breach in the standard of care or negligence. To the contrary, hematoma development at the puncture site is a known risk of this life-saving procedure. Plaintiff was advised of the risk prior to the procedure, consented to the procedure with full knowledge of the risk and therefore assumed the risk of this known, undesirable outcome. In spite of this, the United States recognizes the benefit in avoiding trial and thus agrees to a settlement.

Attorney or by any of the practitioners consulted at the U. S. DOJ, or by anyone contacted at TRICARE. Future TRICARE claims by the Plaintiff will be processed, of course, in the normal course of business under 10 U.S.C. § 1071-1110 and 32 C.F.R. Part 199. To propose otherwise, is outrageous.

Plaintiff seems to be determined to have such an agreement and has used every conceivable argument and trick to try to make it happen. For example, Plaintiff has argued that TRICARE is "US", just like the Naval Hospital and Tripler. Although irrelevant to the fact that the United States will not agree to his highly irregular suggestion, it is apparent that TRICARE was created by Congress to operate as a benefits coverage program for persons who also have access to military care. (For a detailed and technical explanation, See DECLARATION OF DON M. THOMPSON, Acting Director, Beneficiary and Provider Services Division, TRICARE, which was submitted in an unrelated case, Attachment E.) Plaintiff, by statute, has an obligation to make a specified co-payment under a program level she has not revealed (either Prime, Extra or Standard). TRICARE has no relation to the Medical Treatment Facilities such as Naval Hospital or Tripler, which were the targets of Plaintiff's lawsuit, and who can be approached to forgo their charges for known services they have already provided for the injury at issue in this case. TRICARE was not the subject of Plaintiff's suit. Yet, Plaintiff, in a "gotcha" fashion, has pointed out that federal employees are involved in TRICARE's administration, therefore, according to Plaintiff's logic, it is incumbent on the United States to accept his unorthodox proposal.

Plaintiff's use of exhibits signed by this Assistant United States Attorney is also dishonest. Plaintiff is well aware that the United States would not agree to the proposal to somehow cover unknown submissions to Plaintiff's TRICARE program. The United States originally sent over its standard settlement letter (Attachment B) with this AUSA's signature, expecting that it would be returned with Plaintiff's signature. Instead, Plaintiff made handwritten changes. Those changes were incorporated into a draft adobe acrobat (PDF) copy. A discussion took place about the ability of the United States to cooperate with Plaintiff's efforts at confidentiality for the agreement. The United States attached a signature to the draft PDF

copy. In the discussion over that draft, Plaintiff pointed out that he was also still seeking an agreement that Plaintiff not have to pay future bills to her TRICARE program and that language had been put into the new draft of the agreement. The United States then focused on that language and again stated that it would not and could not be done. At no time did Plaintiff ever have reason to believe that the US would agree to the TRICARE scheme. For Plaintiff to now attach his signature to the PDF draft version and state that an agreement had been reached is a serious misrepresentation (Attachment F and Attachment G).

The possibility of fraud also exists in Plaintiff's unusual proposal. It is easy to speculate (and Plaintiff, by being mysterious about what bills from TRICARE he is trying not to pay, makes it necessary to speculate), that Plaintiff may cause something improper to be billed to TRICARE. For example, if a Plaintiff were to hire an expert witness to assist with a tort claim (as Plaintiff did with Dr. Langstrom in this case), and then somehow have TRICARE billed for the expert's work, that may not be proper under the statutory provisions governing TRICARE. If TRICARE then billed her, could she then cut them off from collecting because of the unusual agreement Plaintiff wants this Assistant United States Attorney to submit to? Again, the unusual insistence and the refusal to be specific, is confusing and raises a significant red flag.

No level of insistence, or trickery, can make the United States agree to an unusual, unprecedented and improper agreement regarding Plaintiff's TRICARE benefits program. Plaintiff must simply decide whether she wants to settle for the amount offered by the United States. The United States remains, at this time, willing to settle for the amount offered.

The United States requests oral argument on this motion.


Dated this 11th day of January, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI


MIKEL M. SCHWAB
Assistant U.S. Attorney

# Attachment A



**U.S. Departm{   )f Justice**

**LEONARDO M. RAPADAS**
*United States Attorney*
*Districts of Guam and NMI·*

---

*Sirena Plaza, Suite 500*                              *(671) 472-7332*
*108 Hernan Cortez Avenue*                   *FAX: (671) 472-7215*
*Hagatña,, Guam 96910*

December 11, 2007

Wayson W.S. Wong, Esq.
142 Seaton Blvd., Suite 101
Hagatna,·Guam 96910

              RE: <u>Lewis v. United States</u>

Dear Wayson,

       I am in receipt of a three page letter from you and will read it as soon as I have completed documents necessary by a deadline.   Perhaps we can simplify things this way.   I have three attachments to this letter.

       1).      I have attached the standard agreement used by U.S. DOJ for settlement agreements;

       2).      Next, I have included the same document, with an amendment you requested.   The amendment states that I will cooperate with your efforts to keep the settlement confidential.   It states that I will do so only to the extent that I am allowed by statutes and regulations.   I make this statement because there may be restrictions on what the United States can do in this regard.   Varying the standard language is hazardous for me.

       3).      Finally, I have an offer of judgment that you can accept and file with the Court.   That will trigger a judgment and an obligation for the United States to pay the judgment.

       These are simple choices and I hope this will clear up any complications you perceive.

                            My best,

                            LEONARDO M. RAPADAS
                            United States Attorney
                            Districts of Guam and NMI

                    BY: _____
                            MIKEL W. SCHWAB
                            Assistant U.S. Attorney

                            RECEIVED
                            DATE: 12|12|07
                            10:42 A.M.

                            **Attachment**
                            **A**

1  LEONARDO M. RAPADAS
   United States Attorney
2  MIKEL W. SCHWAB
   Assistant U.S. Attorney
3  KATHARYNE P. CLARK
   Special Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Ave.
5  Hagåtña, Guam 96910
   TEL: (671) 472-7332
6  FAX: (671) 472-7215

7  Attorneys for the United States of America

8                    DISTRICT COURT OF GUAM

9                     TERRITORY OF GUAM

10
   FLORENCIA Q. LEWIS,              )    CIVIL CASE NO. 05-00026
11                                  )
                    Plaintiff.      )
12                                  )
             vs.                    )
13                                  )
   UNITED STATES OF AMERICA,        )
14                                  )
                    Defendant.      )
15  _____)

16

17       **STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE**
18    **OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

19
20       It is hereby stipulated by and between the undersigned plaintiff (meaning any person, other

21  than the defendant, signing this agreement, whether or not a party to this civil action), and the

22  United States of America, by and through their respective attorneys, as follows:

23
         1. The parties do hereby agree to settle and compromise each and every claim of any kind,
24
25  whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise

26  to the above-captioned action under the terms and conditions set forth in this Settlement

27  Agreement.

28

2. The United States of America agrees to pay the sum of $339,900 (Three hundred thirty nine thousand nine hundred dollars), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiff or her guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiff and her guardians, heirs, executors, administrators or assigns hereby agrees to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and her guardians, heirs, executors, administrators or assigns further agrees to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or her guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff.

This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation .

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event any plaintiff is a minor or a legally incompetent adult, the plaintiffs must obtain Court approval of the settlement at their expense. Plaintiff agrees to obtain such approval in a timely manner: time being of the essence. Plaintiff further agrees that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiff fails to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

8. Payment of the settlement amount will be made by government wire transfer as per the following:

    A.    Name of Bank:  Bank of Hawaii, Main Branch, (Hagatna Branch)

    B.    Street Address of Bank: 123 West Soledad Avenue

    C.    City, State, and Zip Code of Bank: Hagatna, Guam 96910

    D.    Routing Number: 121405018

    E.    Name of Account: Law Offices of Wayson Wong, A Professional Corporation, Clients' Trust Account

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
KATHARYNE P. CLARK
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | | |
|---|---|---|
| FLORENCIA Q. LEWIS, | ) | CIVIL CASE NO. 05-00026 |
| Plaintiff. | ) | |
| vs. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE**
**OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated by and between the undersigned plaintiff and the United States of America, by and through their respective attorneys, as follows:

1.      The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

1     2.     The United States of America agrees to pay the sum of THREE HUNDRED

2 THIRTY NINE THOUSAND NINE HUNDRED Dollars ($339,900.00) which sum shall be in

3 full settlement and satisfaction of any and all claims, demands, rights, and causes of action of

4 whatsoever kind and nature, arising from, and by reason of any and all known and unknown,

5 foreseen and unforeseen bodily and personal injuries, damage to property and the consequences

6 thereof, resulting, and to result, from the subject matter of this settlement, including any claims

7 for wrongful death, for which plaintiff, or their guardians, heirs, executors, administrators, or

8 assigns, and each of them, now have or may hereafter acquire against the United States of

9 America, its agents, servants, and employees.

10

11     3.     Plaintiff and her guardians, heirs, executors, administrators or assigns

12 hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full

13 settlement and satisfaction of any and all claims, demands, rights, and causes of action of

14 whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of

15 any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to

16 property and the consequences thereof which they may have or hereafter acquire against the

17 United States of America, its agents, servants and employees on account of the same subject

18 matter that gave rise to the above-caption, including any future claim or lawsuit of any kind or

19 type whatsoever, whether known or unknown, and whether for compensatory or exemplary

20 damages. Plaintiff and her guardians, heirs, executors, administrators or assigns further agree to

21 reimburse, indemnify and hold harmless the United States of America, its agents, servants, and

22 employees from and against any and all such causes of actions, claims, liens, rights, or subrogated

23 or contribution interests incident to or resulting from further litigation or the prosecution of claims

24 by plaintiff or her guardians, heirs, executors, administrators or assigns against any third party or

25

26

27

28                     2

against the United States, including claims for wrongful death.[1]

4.     This stipulation for compromise settlement is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5.     It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto.

6.     It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7.     The person signing this Settlement Agreement warrants and represent that he or she possesses full authority to bind the person(s) on whose behalf they are signing to the terms of the settlement. Plaintiff further agrees that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiff fails to obtain such Court approval, the entire Stipulation for Compromise Settlement and Release and the compromise settlement are null and void.

---

[1]  The United States, by separate letter, has agreed to waive those charges for treatment offered at the U.S. Naval Hospital, Guam, and Tripler Army Medical Center, Hawaii, for the treatment of the injury at issue in this case. Plaintiff remains responsible for costs and obligations not for medical treatment offered at U.S. Naval Hospital, Guam and Tripler, AMC, including payments to her insurance, Tricare, including those for medical care received from non-federal doctors and others.

3

8.     Payment of the settlement amount will be made by government wire transfer as per the following:

A.     Name of Bank:  Bank of Hawaii, Main Branch, (Hagatna Branch)

B.     Street Address of Bank: 123 West Soledad Avenue

C.     City, State, and Zip Code of Bank: Hagatna, Guam 96910

D.     Routing Number: 121405018

E.     Name of Account: Law Offices of Wayson Wong, A Professional Corporation, Clients' Trust Account

G.     Account Number: 0038-094718

Plaintiff's attorney agrees to distribute the settlement proceeds to the plaintiff, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

9.     The parties will sign a separate Stipulation for Dismissal which shall be filed with the U.S. District Court upon payment of the settlement proceeds.

10.     This Stipulation for Compromise Settlement and Release will not be filed unless determined to be necessary in order to obtain the payment described.

11.     The Parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, can be made public in their entirety, and the Plaintiff's expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a (b).  The United States does agree to cooperate in efforts by the Plaintiff in keeping the settlement confidential, unless

4

disclosure is necessary for execution or enforcement, ordered by a Court, or otherwise required by law.


LEONARDO M. RAPADAS
United States Attorney


_____          _____
MIKEL W. SCHWAB                              Dated
Assistant U.S. Attorney
Attorney for Defendant United States of America


_____          _____
WAYSON W.S. WONG                             Dated
Attorney for Plaintiff


_____          _____
FLORENCIA Q. LEWIS                           Dated
Plaintiff

5

1  LEONARDO M. RAPADAS
   United States Attorney
2  MIKEL W. SCHWAB
   Assistant U.S. Attorney
3  KATHARYNE P. CLARK
   Special Assistant U.S. Attorney
4  Sirena Plaza, Suite 500
   108 Hernan Cortez Avenue
5  Hagatna, Guam 96910
   TEL: (671) 472-7332
6  FAX: (671) 472-7215

7  Attorneys for the United States of America

8

9
                    UNITED STATES DISTRICT COURT
10
                        TERRITORY OF GUAM
11

12

13  FLORENCIA Q. LEWIS,              )      CIVIL CASE NO.  05-00026
                                     )
14                  Plaintiff,       )
                                     )
15       vs.                         )
                                     )      **OFFER OF JUDGMENT**
16  UNITED STATES OF AMERICA,        )      **PURSUANT TO**
                                     )      **FED.R.CIV.P. RULE 68**
17                                   )
                    Defendant.       )
18                                   )

19

20
         This is an Offer of Judgment for THREE HUNDRED THIRTY NINE THOUSAND
21
    NINE HUNDRED  DOLLARS ($339,900.00) pursuant to Federal Rules of Civil Procedure,
22
    Rule 68.  This offer is inclusive of costs and fees, and is not an admission of liability.  If within
23
    ten (10 ) days after the service of this offer you accept, either party may then file this offer and
24
    notice of acceptance together with proof of service thereof and there upon the clerk shall enter
25
    judgment.  Should you fail to accept  this offer and fail to gain a final judgment against
26

27

28  Lewis_offer of judgment

3

1  this defendant in excess of THREE HUNDRED THIRTY NINE THOUSAND NINE

2  HUNDRED  DOLLARS ($339,900.00) you must pay all costs incurred after the date of this

3  offer.

4         SO SUBMITTED this 11th day of December, 2007.

5

6                                       LEONARDO M. RAPADAS
                                     United States Attorney

7                                       District of Guam and NMI

8

9               BY: _____

10                                       MIKEL W. SCHWAB
                                     Assistant U.S. Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Lewis_offer of judgment

# Attachment B

# ORIGINAL

1  LEONARDO M. RAPADAS
   United States Attorney
2  MIKEL W. SCHWAB
   Assistant U.S. Attorney
3  Sirena Plaza, Suite 500
   108 Hernan Cortez Avenue
4  Hagatna, Guam 96910
   TEL: (671) 472-7332
5  FAX: (671) 472-7215

6  Attorneys for the United States of America

7

8                    IN THE UNITED STATES DISTRICT COURT
9
                                      FOR THE
10
                              DISTRICT OF GUAM
11

12

13  FLORENCIA Q. LEWIS,                )      CIVIL CASE NO.  05-00026
                                        )
14                   Plaintiff,         )
                                        )
15          vs.                         )
                                        )      **OFFER OF JUDGMENT**
16  UNITED STATES OF AMERICA,           )      **PURSUANT TO**
                                        )      **FED.R.CIV.P. RULE 68**
17                                      )
                     Defendant.         )
18  _____ )

19
           This is an Offer of Judgment for THREE HUNDRED THIRTY-NINE
20
    THOUSAND NINE HUNDRED DOLLARS ($339,900.00) pursuant to Federal Rules of
21
    Civil Procedure, Rule 68.  This offer is inclusive of costs and fees, and is not an
22
    admission of liability.  If within ten (10) days after the service of this offer you accept,
23
    either party may then file this offer and notice of acceptance together with proof of
24
    service thereof and there upon the clerk shall enter judgment.  Should you fail to accept
25
    this offer and fail to gain a final judgment against this defendant in excess of THREE
26
    HUNDRED THIRTY-NINE THOUSAND NINE HUNDRED DOLLARS ($339,900.00)
27

28  Lewis_offer of judgment

LAW OFFICES
RECEIVED
DATE: 1|4|08
Jan 2:32

Attachment
B

1 │ you must pay all costs incurred after the date of this offer.

2 │     SO SUBMITTED this 4th day of January, 2008.

3

4 │                              LEONARDO M. RAPADAS
  │                              United States Attorney
5 │                              Districts of Guam and NMI

6

7 │     BY: _____
  │         MIKEL W. SCHWAB
8 │         Assistant U.S. Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 │ Lewis_offer of judgment



1  LEONARDO M. RAPADAS
   United States Attorney
2  MIKEL W. SCHWAB
   Assistant U.S. Attorney
3  Sirena Plaza, Suite 500
   108 Hernan Cortez Avenue
4  Hagatna, Guam 96910
   Tel: 671-472-7332
5  Fax: 671-472-7215

6
   Attorneys for the United States of America
7

8              UNITED STATES DISTRICT COURT
                FOR THE TERRITORY OF GUAM
9
   FLORENCIA Q. LEWIS,              )    CIVIL CASE NO. 05-00026
10                                   )
                  Plaintiff,         )
11                                   )
           vs.                       )    CERTIFICATE OF SERVICE
12                                   )
   UNITED STATES OF AMERICA,         )
13                                   )
                  Defendant.         )
14 _____ )

15
        I, Jacqueline O. Emmanuel, Administrative Assistant, hereby certify that on 4th day of
16
   January 2008, I caused to be served by personal service the following document: "Offer of
17
   Judgment Pursuant to Fed.R.Civ.P. Rule 68", Civil Case No. 05-00026, Florencia Q. Lewis vs.
18
   United States of America, to the following attorney of record:
19

20           Wayson Wong, Esq.
             Law Offices of Wayson Wong
21           142 Seaton Blvd., Suite 101
             Hagatna, GU 96910
22

23
24                                    LEONARDO M. RAPADAS
                                      United States Attorney
25                                    Districts of Guam and NMI

26                                    BY: _____
27                                    JACQUELINE EMMANUEL
                                      Administrative Assistant
28

# Attachment C

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
KATHARYNE P. CLARK
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

# DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| FLORENCIA Q. LEWIS, ) <br> ) <br> Plaintiff. ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> ) | CIVIL CASE NO. 05-00026 |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE**
**OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated by and between the undersigned plaintiff (meaning any person, other than the defendant, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

Attachment
C

2. The United States of America agrees to pay the sum of $339,900 (Three hundred thirty nine thousand nine hundred dollars), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiff or her guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiff and her guardians, heirs, executors, administrators or assigns hereby agrees to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and her guardians, heirs, executors, administrators or assigns further agrees to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or her guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff.

1 This settlement is entered into by all parties for the purpose of compromising disputed claims
2 under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation
3 .

4     5. It is also agreed, by and among the parties, that the respective parties will each bear
5 their own costs, fees, and expenses and that any attorney's fees owed by the plaintiffs will be paid
6 out of the settlement amount and not in addition thereto.

7

8     6. It is also understood by and among the parties that pursuant to Title 28, United States
9 Code, Section 2678, attorney's fees for services rendered in connection with this action shall not
10 exceed 25 per centum of the amount of the compromise settlement.

11

12     7. The persons signing this Settlement Agreement warrant and represent that they possess
13 full authority to bind the persons on whose behalf they are signing to the terms of the settlement.
14 In the event any plaintiff is a minor or a legally incompetent adult, the plaintiffs must obtain Court
15 approval of the settlement at their expense. Plaintiff agrees to obtain such approval in a timely
16 manner: time being of the essence. Plaintiff further agrees that the United States may void this
17 settlement at its option in the event such approval is not obtained in a timely manner. In the event
18 plaintiff fails to obtain such Court approval, the entire Stipulation For Compromise Settlement
19 And Release and the compromise settlement are null and void.

20

21     8. Payment of the settlement amount will be made by government wire transfer as per the
22 following:

23          A.     Name of Bank:  Bank of Hawaii, Main Branch, (Hagatna Branch)

24          B.     Street Address of Bank: 123 West Soledad Avenue

25          C.     City, State, and Zip Code of Bank: Hagatna, Guam 96910

26          D.     Routing Number: 121405018

27          E.     Name of Account: Law Offices of Wayson Wong, A Professional
                   Corporation, Clients' Trust Account
28

G.     Account Number: 0038-094718

Plaintiff's attorney agrees to distribute the settlement proceeds among the plaintiff, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

9. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

LEONARDO M. RAPADAS
United States Attorney


_____       _____
MIKEL W. SCHWAB                                   Dated
Assistant U.S. Attorney
Attorney for Defendant United States of America


_____       _____
WAYSON W.S. WONG                                Dated
Attorney for Plaintiff


_____       _____
FLORENCIA Q. LEWIS                                Dated
Plaintiff

# Attachment D

  

**U.S. Department of Justice**

**LEONARDO M. RAPADAS**
*United States Attorney*
*Districts of Guam and NMI*

---

*Sirena Plaza, Suite 500*        *(671) 472-7332*
*108 Hernan Cortez Avenue*     *FAX: (671) 472-7215*
*Hagatña,, Guam  96910*

December 11, 2007

Wayson W.S. Wong, Esq.
142 Seaton Blvd., Suite 101
Hagatna, Guam 96910

         RE: <u>Lewis v. United States</u>

Dear Wayson,

     Please, please, please, show me whatever bills you have that concern you.   It is essential that I know what it is we are discussing. When I talk to various experts who have years of experience and may be able to help, they tell me that they  must see what you are referring to before any coherent answers can be given. Abstract discussions increase the chances for misunderstandings.

     I am standing by for copies of whatever submissions concern you.

                 My best,

                 LEONARDO M. RAPADAS
                 United States Attorney
                 Districts of Guam and NMI .

           BY: _____
                 MIKEL W. SCHWAB
                 Assistant U.S. Attorney

LAW OFFICES OF WAYSON
RECEIVED
DATE: 12/12/07
10:42a.m.

**Attachment
D**

# Attachment E

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS


Rayford J. Wright                    )        Case No. 06-1051
                                     )
            Plaintiff,               )
                                     )
      v.                             )
                                     )
TRICARE Management                   )
                                     )
            Defendant.               )


DECLARATION OF DON M. THOMPSON

I, Don M. Thompson, declare and state as follows:

1.   I am the Acting Director, Beneficiary and Provider Services
Division, TRICARE Management Activity (TMA), Department of Defense.
As part of my duties I am required to be familiar with the provisions
of the TRICARE program and with TRICARE claims processing procedures.

2.   The TRICARE program (also known as CHAMPUS) is a medical benefits
program established by Congress. Presently, the eligible beneficiaries
are: the spouses and dependent children of active duty members of the
uniformed services, retired members of the uniformed services and
their spouses and dependent children, and survivors of deceased
members; in some instances, former spouses may also be eligible. The
seven uniformed services that are covered by TRICARE/CHAMPUS are:
Army, Navy, Air Force, Marine Corps, Coast Guard, U.S. Public Health
Service, and the National Oceanic and Atmospheric Administration.
CHAMPUS is an acronym for the Civilian Health and Medical Program of
the Uniformed Services. The statutory provisions authorizing
TRICARE/CHAMPUS are generally found at 10 U.S.C. 1071-1110. The
implementing regulations are found at 32 C.F.R. Part 199.

3.   The original legislation providing financial assistance for
medical expenses for military dependents was known as the Dependent's
Medical Care Act, Public Law 84-569, approved June 7, 1956. (See U.S.
Code, Congressional and Administrative News pages 2698-2714.) In
addition to authorizing medical care for certain beneficiaries in
medical facilities of the Uniformed Services, the Act also entitled
dependents of active duty members to hospitalization in civilian
hospitals for treatment of most types of illnesses. This initial
coverage of active duty dependents' hospital care initiated what has
now become the TRICARE program.

4.   In July 1997, the Office of CHAMPUS changed its name to the
TRICARE Support Office (TSO). In March 1998, the TRICARE Management
Activity (TMA) replaced TSO. TMA has the responsibility for

Attachment
E

administering TRICARE/CHAMPUS. The TRICARE Management Activity was established by Department of Defense Directive 5136.12 (DoD 5136.12) on May 31, 2001, DoD 5136.12 also disestablished the TSO. Paragraph 5 of DoD 5136.12 establishes the TMA as a DoD Field Activity of the Under Secretary of Defense for Personnel and Readiness (USD(P&R)) to operate under the authority, direction and control of the Assistant Secretary of Defense for Health Affairs (ASD(HA)). Paragraph 1 of DoD 5136.12 states that all references to active functions or authorities in the Office of CHAMPUS or OCHAMPUS shall be understood to be references to functions and authorities of TMA (successor to TSO).

5. The Act was substantially changed and expanded with enactment of the Military Medical Benefits amendments of 1966, Public Law 89-614, approved September 30, 1966. (See 1966 U.S. Code, Congressional and Administrative News, pages 3082-3111.) The principle feature of this legislation was to expand the beneficiary population entitled to coverage under the civilian medical program to include Uniformed Services retirees and their dependents and surviving dependents of deceased retired and deceased active duty members. In addition, the types of medical services covered were expanded to include care provided on an outpatient as well as an inpatient basis, and the types of health care authorized were expanded. Congress also addressed what medical services could be provided at military treatment facilities (MTFs). (See Chapter 55, Title 10 U.S.C. §§ 1071-1110.) At this point, CHAMPUS coverage would have been similar to a third party health insurance plan such as the Blue Cross/Blue Shield coverage available under the Federal Employees Health Benefits Program.

6. By statute, administration of the CHAMPUS program is the responsibility of the Secretary of Defense. The Director, TMA is charged with assisting in the operational management and direction of all CHAMPUS programs and activities, including contracting for healthcare services.

7. The TRICARE program provides for what can be described as a triple option benefit, (1) a HMO-type option, which is called TRICARE Prime; (2) a preferred provider network, known as TRICARE Extra; and (3) standard claims processing for other providers, which is known as standard CHAMPUS. Active duty family members who enroll in TRICARE Prime are not liable for any deductibles or cost-shares. Other enrollees pay an enrollment fee, deductibles and cost-shares. Beneficiaries who use a preferred provider generally have charges lower than standard CHAMPUS and may not be balanced billed by a TRICARE network provider.

8. TMA maintains in the regular course of business computerized records of processed TRICARE claims. TMA also requires its contractors to maintain copies of claims that it processes. Humana Military Healthcare Services, Inc. (Humana) is the current TRICARE Managed Care Support Contractor for the TRICARE South Region. Arkansas is part of the TRICARE South Region. Palmetto Government Benefits Administrators is a subcontractor to Humana and processes TRICARE claims for Humana.

9.    Attached are copies of three claims and the Explanation of Benefits (EOB) for each claim (Attachments A, B, and C).  The copies were obtained from TRICARE business records.

10. The attached copies redact personal information (e.g. Social Security Number), not previously disclosed in this litigation.

11.  Attachment A shows a claim in the billed amount of $80.00 for a medical service identified as "92014" by Dr. Dedman of the Family Eye Care Center provided to Mr. Rayford Wright.  "92014" is a code from the Physicians Current Procedure Terminology (CPT) which is published by the American Medical Society.  A "92014" is for ophthalmological services, comprehensive for an established patient.  The EOB shows that it was denied as a noncovered service.

12.  Attachment B shows a claim in the billed amount of $65.00 for a medical service identified as "92002" by Dr. Dedman of the Family Eye Care Center provided to Ms. Christina Wright.  "92002" is a code from the CPT and it is for ophthalmological services, comprehensive new patient.  The EOB shows that it was denied as a noncovered service.

13.  Attachment C shows a claim in the billed amount of $65.00 for a medical service identified as "92002" by Dr. Dedman of the Family Eye Care Center provided to Ms. Rapaela Wright.  As noted above, "92002" is a code from the CPT and it is for ophthalmological services, comprehensive new patient.  The EOB shows that it was denied as a noncovered service.

14.  The copies of claims and EOBS that are maintained are of the front page.  There is standard "boilerplate" on the back of the claim form.  TRICARE uses (accepts) the same claim form that Medicare uses which is the HCFA 1500 (now known as the CMS 1500).

15.  The TRICARE Operations Manual (TOM) (a copy of which may be found on the TRICARE website http://www.tricare.mil (http://manuals.tricare.osd.mil/)) addresses EOBs.  TMA does not design the form to allow contractors to design the EOB form to fit their individual equipment and system needs.  However, the TRICARE Operations Manual specifically provides in Chapter 8, Section 8, paragraph 9.0:

> The following information shall be on the reverse of the EOB:
>
> Right to Appeal
>
>     If you disagree with the determination on your claim, you have the right to request a reconsideration.  Your signed written request must state the specific matter with which you disagree and **MUST** be sent to the following address no later than 90 days from the date of this notice.  If the postmark on the envelope is not legible, then the date of receipt is deemed the date of filing.  Include a copy of

3

this notice. On receiving your request, all TRICARE claims for the entire course of treatment will be reviewed.

(Contractor's Address)

16. TMA is not aware of any administrative appeal being filed for the above three claims.

17. All three claims reflect that they were for routine eye exams and denied as a noncovered service. By statute, TRICARE cannot pay for routine eye exams for retirees and dependents of retirees.

18. Defense Enrollment Eligibility Reporting System (DEERS) records reflect that Mr. Wright retired from active duty effective July 1, 1999. Mr. Wright was a Sergeant First Class. TMA records show that Mr. Wright was standard TRICARE as of the date of the care (August 2, 2005). TMA records further reflect that Mr. Wright changed from standard TRICARE to Prime effective September 1, 2005.

19. Title 10, United States Code, Section 1086 addresses health benefits for "certain members, former members, and their dependents. Section 1086(a) provides, in its last sentence: "However, eye examinations may not be provided under such plans for persons covered by subsection (c)." Subsection 1086(c) picks up retirees such as SFC Wright and the eligible dependents of a retiree such as SFC Wright's children under the age of 21.

20. By contrast, in Title 10, United States Code, Section 1079(a) addresses coverage for the spouses and dependent children of active duty members and provides at Section 1079(a)(3) "not more than one eye examination may be provided to a patient in any calendar year."

21. The DoD Regulation in 32 C.F.R. 199.2 provides the following definitions:

Routine eye examinations. The services rendered in order to determine the refractive state of the eyes.

22. The DoD Regulation in 32 C.F.R. 199.4(c) provides the following exclusion:

(xvi) Routine eye examinations. Coverage for routine eye examinations is limited to dependents of active duty members, to one examination per calendar year per person, and to services rendered on or after October 1, 1984, except as provided under paragraph (c)(3)(xi) of this section.

Subparagraph (c)(3)(xi) provides for vision, hearing, and dental screening as part of the well-child care coverage. Well-child care is from birth to age six.

23. The TRICARE Policy Manual (copy of Chapter 7, Section 6.1, Ophthalmological Services, attached as Exhibit "D") provides this further interpretation of the Regulation that "A 'routine eye

4

examination' is an evaluation of the eyes, including but not limited to refractive services, that is not related to a medical or surgical condition or in the medical or surgical treatment of a covered illness or injury." (Underlining in original.) The routine eye examination code that are identified include: 92002 – eye exam, new patient and 92014 – eye exam and treatment.

24. The TRICARE regulation provides for an administrative appeal process. As stated above, all explanation of benefits (EOBs) issued by a TRICARE contractor include a paragraph advising the patient or sponsor of their administrative appeal rights. TMA has no information showing that plaintiff exercised his administrative appeal rights.

25. Administrative appeals are limited to factual disputes. If the claims were for routine eye examinations for a retired member of a uniformed service and/or the dependents of a retired member of a uniformed service, there would be no factual issue to be resolved.

I declare under penalty of perjury that the following is true and correct in accordance with 28 U.S.C. § 1746.

Executed this _____15th_____ day of December, 2006.


DON M. THOMPSON

5

PLEASE
DO NOT DOS - 08/02/05 - 08/02/05
STAPLE
IN THIS
AREA

08/05/2005  05217  08/05/05  11:28:53  76W0433MD  853  SMITH

CLN-5217X0HQD0099  PROV=710670979

08/05/05

CARRIER

HEALTH INSURANCE CLAIM FORM

| | |
|---|---|
| 1. ☐ MEDICARE (Medicare #) ☐ MEDICAID (Medicaid #) ☒ CHAMPUS (Sponsor's SSN) ☐ CHAMPVA (VA File #) ☐ GROUP HEALTH PLAN (SSN or ID) ☐ FECA BLK LUNG (SSN) ☐ OTHER (ID) | 1a. INSURED'S I.D. NUMBER (FOR PROGRAM IN ITEM 1) XXX5276 |

| 2. PATIENT'S NAME (Last Name, First Name, Middle Initial) | 3. PATIENT'S BIRTH DATE / SEX | 4. INSURED'S NAME (Last Name, First Name, Middle Initial) |
|---|---|---|
| WRIGHT, RAYFORD | 06 23 1961 M ☒ F ☐ | WRIGHT, RAYFORD |

| 5. PATIENT'S ADDRESS (No., Street) | 6. PATIENT RELATIONSHIP TO INSURED | 7. INSURED'S ADDRESS (No., Street) |
|---|---|---|
| P O BOX 310 | Self ☒ Spouse ☐ Child ☐ Other ☐  1 | P O BOX 310 |

| CITY | STATE | 8. PATIENT STATUS | CITY | STATE |
|---|---|---|---|---|
| BEARDEN | AR | MALE SPONSOR  Single ☐ Married ☐ Other ☒ | BEARDEN | AR |

| ZIP CODE | TELEPHONE (Include Area Code) | | ZIP CODE | TELEPHONE (Include Area Code) |
|---|---|---|---|---|
| 71720 | ( ) | Employed ☐ Full-Time Student ☐ Part-Time Student ☐ | 71720 | ( ) |

| 9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial) | 10. IS PATIENT'S CONDITION RELATED TO: | 11. INSURED'S POLICY GROUP OR FECA NUMBER |
|---|---|---|
| NONE | | EFF - 08/02/05 - 08/05/05 |
| a. OTHER INSURED'S POLICY OR GROUP NUMBER | a. EMPLOYMENT? (CURRENT OR PREVIOUS) ☐ YES ☒ NO | a. INSURED'S DATE OF BIRTH  MM DD YY  SEX M ☒ F ☐ |
| b. OTHER INSURED'S DATE OF BIRTH  M ☐ F ☐ | b. AUTO ACCIDENT?  ☐ YES ☒ NO  PLACE (State) | b. EMPLOYER'S NAME OR SCHOOL NAME |
| c. EMPLOYER'S NAME OR SCHOOL NAME | c. OTHER ACCIDENT?  ☐ YES ☒ NO | c. INSURANCE PLAN NAME OR PROGRAM NAME  STATUS - GRADE - BRANCH - |
| d. INSURANCE PLAN NAME OR PROGRAM NAME | 10d. RESERVED FOR LOCAL USE  OCL- M TPL1- TPL2- TPL3- | d. IS THERE ANOTHER HEALTH BENEFIT PLAN?  ☐ YES ☐ NO  If yes, return to and complete item 9 a-d. |

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM

| 12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE  I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.  SIGNED **SIGNATURE ON FILE**  RELEASE- SIGN-  DATE | 13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE  I authorize payment of medical benefits to the undersigned physician or supplier for services described below.  SIGNED **SIGNATURE ON FILE**  ASSIGN- |
|---|---|

| 14. DATE OF CURRENT: ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP) | 15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE MM DD YY | 16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION  FROM  TO |
|---|---|---|
| 17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE | 17a. I.D. NUMBER OF REFERRING PHYSICIAN | 18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES  FROM  TO |
| 19. RESERVED FOR LOCAL USE  OHIAA - .00 | | 20. OUTSIDE LAB?  ☐ YES ☒ NO  $ CHARGES  .00  ASF - |
| 21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 or 4 TO ITEM 24E BY LINE)  1. 3671  2. 3. 4. | | 22. MEDICAID RESUBMISSION CODE  ORIGINAL REF. NO.  PFTN - |
| | | 23. PRIOR AUTHORIZATION NUMBER  PAI - MTF - |

| 24. A DATE(S) OF SERVICE From MM DD YY / To MM DD YY | B Place of Service | C Type of Service | D PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS / MODIFIER | E DIAGNOSIS CODE | F $ CHARGES | G DAYS OR UNITS | H EPSDT Family Plan | I EMG | J COB | K RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|
| 08 02 05 08 02 05 | 11 5/11 | 6 | 92014 00 00 00 00 | 1 | 86 00 | 1 | | | | DEDMAN OD, TON |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

| 25. FEDERAL TAX I.D. NUMBER  SSN EIN  710670979 | 26. PATIENT'S ACCOUNT NO.  7013 | 27. ACCEPT ASSIGNMENT? (For govt. claims, see back)  ☒ YES ☐ NO | 28. TOTAL CHARGE  86 00 | 29. AMOUNT PAID  00 | 30. BALANCE DUE  86 00 |
|---|---|---|---|---|---|

| 31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)  CAM - REGION - F  SM - ROUT -  SIGNATURE ON FILE  SIGNED  Date | 32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office)  FAMILY EYE CARE CENTER PA  515 CASH ROAD  CAMDEN  AR 71701 | 33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #  FAMILY EYE CARE CENTER PA  515 CASH ROAD  CAMDEN  AR 71701  870 836-2525  GRP# 710670979 |
|---|---|---|

PLEASE PRINT OR TYPE

*"A"*

PGBA, LLC
TRICARE SOUTH REGION
P.O. BOX 7032
CAMDEN, SC 29020-7032



**HUMANA.**
Military Healthcare Services

www.humana-military.com

# TRICARE EXPLANATION OF BENEFITS
**This is a statement of the action taken on your TRICARE claim.**
**Keep this notice for your records.**

| | |
|---|---|
| **Date of Notice:** | **August 10, 2005** |
| **Sponsor SSN:** | ***-**-5276 |
| **Sponsor Name:** | **RAYFORD J WRIGHT** |
| **Beneficiary Name:** | **RAYFORD J WRIGHT** |

llıı.lıı.lllıı.lıl.llllıılllıı.llıı.llll.ıılllıı.lıl.l
RAYFORD J WRIGHT
P O BOX 310
BEARDEN AR 71720-0310

**Benefits were payable to:**

**THOMAS M DEDMAN OD**
**515 CASH ROAD**
**CAMDEN AR 71701**

## Claim Number: 5217X0HQD-00-00

| Services Provided By/<br>Date of Services | Services<br>Provided | Amount<br>Billed | TRICARE<br>Approved | See<br>Remarks |
|---|---|---|---|---|
| THOMAS M DEDMAN OD | | | | |
| 08/02/2005 | 001 Eye exam & treatment (92014) | 80.00 | 0.00 | 1, 2, 3, 4 |
| **Totals:** | | **80.00** | **0.00** | |

| Claim<br>Summary | | Beneficiary<br>Liability Summary | | Benefit Period<br>Summary | | |
|---|---|---|---|---|---|---|
| Amount Billed: | 80.00 | Deductible: | 0.00 | **Fiscal Year Beginning:** | | |
| TRICARE Approved: | 0.00 | Copayment: | 0.00 | October 01, 2004 | | |
| Non-covered: | 80.00 | Cost Share: | 0.00 | | Individual | Family |
| Paid by Beneficiary: | 0.00 | Patient Responsibility: | 0.00 | Deductible: | 0.00 | 0.00 |
| Other Insurance: | 0.00 | | | Catastrophic Cap: | 0.00 | 0.00 |
| Paid to Provider: | 0.00 | | | | | |
| Paid to Beneficiary: | 0.00 | | | | | |
| Check Number: | | | | | | |

**Remarks:**

1  -  NONCOVERED SERVICE(S).

2  -  HUMANA AND PGBA ARE MAKING TRICARE EASIER. FOR ONLINE CLAIM AND REFERRAL STATUS, ELIGIBILITY AND MUCH MORE, VISIT WWW.HUMANA-MILITARY.COM AND WWW.MYTRICARE.COM.

3  -  $.00 HAS BEEN APPLIED TOWARD THE FISCAL YEAR CATASTROPHIC CAP OF $3,000.00.

4  -  TRICARE PRIME CAN SAVE YOU MONEY. LEARN HOW TO ENROLL BY CALLING 1-800-444-5445.

**1-800-403-3950**
**THIS IS NOT A BILL**
If you have questions regarding this notice, please call or write us at telephone number/address listed above.



**TRICARE**
*South*

Page  1 of  1

Case 1:05-cv-00026     Document 66     Filed 01/11/2008     Page 35 of 46

DOS - 08/02/05 - 08/02/05

MEDICARE COPY

CLM-5217X0HQ00099  PROV=710670979

08/05/2005  05217  08/05/05  11:28:53  7CW0433MO

08/05/05

PICA

# HEALTH INSURANCE CLAIM FORM

PICA

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|

(Medicare #)  (Medicaid #)  [X] (Sponsor's SSN)  (VA File #)  (SSN or ID)  (SSN)  ( )

376

| 2. PATIENT'S NAME (Last Name, First Name, Middle Initial) | 3. PATIENT'S BIRTH DATE MM DD YY | SEX | 4. INSURED'S NAME (Last Name, First Name, Middle Initial) |
|---|---|---|---|

WRIGHT, CRISTINA

06  19  1957   M [ ]   F [X]

WRIGHT, RAYFORD

5. PATIENT'S ADDRESS (No., Street)

P O BOX 318

6. PATIENT RELATIONSHIP TO INSURED

Self [ ]  Spouse [X]  Child [ ]  Other [ ]

7. INSURED'S ADDRESS (No., Street)

CITY: BEARDEN    STATE: AR

8. PATIENT STATUS

FEMALE SPOUSE

Single [ ]  Married [ ]  Other [ ]

CITY   STATE

ZIP CODE: 71720   TELEPHONE (Include Area Code) ( )

Employed [ ]  Full-Time Student [ ]  Part-Time Student [ ]

ZIP CODE   TELEPHONE (Include Area Code) ( )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

NONE

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER

EFF - 08/02/05 - 08/05/05

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (CURRENT OR PREVIOUS)

[ ] YES  [X] NO

a. INSURED'S DATE OF BIRTH MM DD YY     SEX  M [ ]  F [ ]

b. OTHER INSURED'S DATE OF BIRTH   M [ ]  F [ ]

b. AUTO ACCIDENT?   PLACE (State)

[ ] YES  [X] NO

b. EMPLOYER'S NAME OR SCHOOL NAME

c. EMPLOYER'S NAME OR SCHOOL NAME

c. OTHER ACCIDENT?

[ ] YES  [X] NO

c. INSURANCE PLAN NAME OR PROGRAM NAME

STATUS ~  GRADE ~  BRANCH ~

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. RESERVED FOR LOCAL USE

OCL - N TPL1-  TPL2-  TPL3-

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?

[ ] YES  [X] NO   If yes, return to and complete item 9 a-d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM

12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE  I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED  SIGNATURE ON FILE  RELEASE - SIGN -   DATE

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE  I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED  SIGNATURE ON FILE  ASSIGN-

| 14. DATE OF CURRENT: ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP) | 15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE MM DD YY | 16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION FROM          TO |
|---|---|---|

17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE

17a. I.D. NUMBER OF REFERRING PHYSICIAN

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES MM DD YY    MM DD YY  FROM      TO

19. RESERVED FOR LOCAL USE

CHIAA -  .00

20. OUTSIDE LAB?   $ CHARGES

[ ] YES  [X] NO   .00   ASF -

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)

1. 3671    3.

2.    4.

22. MEDICAID RESUBMISSION CODE   ORIGINAL REF. NO.

PFTH -

23. PRIOR AUTHORIZATION NUMBER

PAX -  HTF -

| 24. A DATE(S) OF SERVICE From MM DD YY  To MM DD YY | B Place of Service | C Type of Service | D PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS  MODIFIER | E DIAGNOSIS CODE | F $ CHARGES | G DAYS OR UNITS | H EPSDT Family Plan | I EMG | J COB | K RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|
| 08 02 05 08 02 05 | 11 3/11 | 6 | 92002 | 1 | 65 00 | 1 | | | | DEDMAN OB, TGM |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

| 25. FEDERAL TAX I.D. NUMBER   SSN EIN | 26. PATIENT'S ACCOUNT NO. | 27. ACCEPT ASSIGNMENT? (For govt. claims, see back) | 28. TOTAL CHARGE | 29. AMOUNT PAID | 30. BALANCE DUE |
|---|---|---|---|---|---|
| 710670979  [ ] [X] | 7016 | [X] YES [ ] NO | 65 00 | 00 | 65 00 |

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)

CAM -  REGION - F
SH -  ROUT -
SIGNATURE ON FILE

SIGNED  Date

32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office)

FAMILY EYE CARE CENTER PA
515 CASH ROAD

CAMDEN  AR  71701

33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #

FAMILY EYE CARE CENTER PA
515 CASH ROAD

CAMDEN  AR  71701  870 836-2525

PIN#  GRP# 710670979

PLEASE PRINT OR TYPE

"B"

PGBA, LLC
TRICARE SOUTH REGION
P.O. BOX 7032
CAMDEN, SC 29020-7032



# TRICARE EXPLANATION OF BENEFITS

This is a statement of the action taken on your TRICARE claim.
Keep this notice for your records.

**HUMANA.**
Military Healthcare Services

www.humana-military.com

| Date of Notice: | **August 10, 2005** |
|---|---|
| Sponsor SSN: | ***-**-5276 |
| Sponsor Name: | RAYFORD J WRIGHT |
| Beneficiary Name: | CRISTINA G WRIGHT |

llll..llll...lll..l.llll..ll..ll....lll....lllll.....llllll...l.l.l

CRISTINA G WRIGHT
P O BOX 310
BEARDEN AR 71720-0310

Benefits were payable to:

THOMAS M DEDMAN OD
515 CASH ROAD
CAMDEN AR 71701

## Claim Number: 5217X0HQB-00-00

| Services Provided By/ Date of Services | Services Provided | Amount Billed | TRICARE Approved | See Remarks |
|---|---|---|---|---|
| THOMAS M DEDMAN OD | | | | |
| 08/02/2005        001 Eye exam, new patient (92002) | | 65.00 | 0.00 | 1, 2, 3, 4 |
| Totals: | | 65.00 | 0.00 | |

| Claim Summary | | Beneficiary Liability Summary | | Benefit Period Summary | | |
|---|---|---|---|---|---|---|
| Amount Billed: | 65.00 | Deductible: | 0.00 | **Fiscal Year Beginning:** | | |
| TRICARE Approved: | 0.00 | Copayment: | 0.00 | October 01, 2004 | | |
| Non-covered: | 65.00 | Cost Share: | 0.00 | | Individual | Family |
| Paid by Beneficiary: | 0.00 | Patient Responsibility: | 0.00 | Deductible: | 0.00 | 0.00 |
| Other Insurance: | 0.00 | | | Catastrophic Cap: | | 0.00 |
| Paid to Provider: | 0.00 | | | | | |
| Paid to Beneficiary: | 0.00 | | | | | |
| Check Number: | | | | | | |

## Remarks:

1 - NONCOVERED SERVICE(S).

2 - HUMANA AND PGBA ARE MAKING TRICARE EASIER. FOR ONLINE CLAIM AND REFERRAL STATUS, ELIGIBILITY AND MUCH MORE, VISIT WWW.HUMANA-MILITARY.COM AND WWW.MYTRICARE.COM.

3 - $.00 HAS BEEN APPLIED TOWARD THE FISCAL YEAR CATASTROPHIC CAP OF $3,000.00.

4 - TRICARE PRIME CAN SAVE YOU MONEY. LEARN HOW TO ENROLL BY CALLING 1-800-444-5445.

**1-800-403-3950**
**THIS IS NOT A BILL**
If you have questions regarding this notice, please call or write us at telephone number/address listed above.



T R I C A R E

**Page 1 of 1**

Case 1:05-cv-00026     Document 66     Filed 01/11/2008     Page 37 of 46

PLEASE
DO NOT
STAPLE
IN THIS
AREA

DOS - 08/02/05 - 08/02/05

08/05/2005   05217   08/05/05  11:28:53  7CW0433MO  87
CLM-5217X0HQC0099  PROV=710670979

08/05/05

PICA                        CHP  NON

# HEALTH INSURANCE CLAIM FORM

PICA

1. MEDICARE    MEDICAID    CHAMPUS    CHAMPVA    GROUP          FEDA       OTHER   1a. INSURED'S I.D. NUMBER              (FOR PROGRAM IN ITEM 1)
                                                 HEALTH PLAN    BLK LUNG
   (Medicare #)  (Medicaid #) X (Sponsor's SSN) (VA File #)   (SSN or ID)  (SSN)   (ID)                                   XXXXXX276

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)    3. PATIENT'S BIRTH DATE    SEX          4. INSURED'S NAME (Last Name, First Name, Middle Initial)
                                                                MM   DD   YY
WRIGHT, RAPAELA                                                 08   12   1990   M []  F [X]         WRIGHT, RAYFORD

5. PATIENT'S ADDRESS (No., Street)                           6. PATIENT RELATIONSHIP TO INSURED      7. INSURED'S ADDRESS (No., Street)
P O BOX 318                                                    Self []  Spouse []  Child [X]  Other []

CITY                                          STATE          8. PATIENT STATUS                        CITY                                          STATE
BEARDEN                                        AR                    FEMALE DEPENDENT
                                                              Single []   Married []   Other [X]
ZIP CODE               TELEPHONE (Include Area Code)                                                 ZIP CODE               TELEPHONE (Include Area Code)
71720                  (     )                               Employed []  Full-Time []  Part-Time []                        (     )
                                                                          Student      Student

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)  10. IS PATIENT'S CONDITION RELATED TO:    11. INSURED'S POLICY GROUP OR FECA NUMBER
NONE                                                                                                        EFF- 08/02/05 - 08/05/05

a. OTHER INSURED'S POLICY OR GROUP NUMBER                   a. EMPLOYMENT? (CURRENT OR PREVIOUS)        a. INSURED'S DATE OF BIRTH                    SEX
                                                               [] YES  [X] NO                              MM   DD   YY           M []    F []

b. OTHER INSURED'S DATE OF BIRTH        SEX                 b. AUTO ACCIDENT?          PLACE (State)    b. EMPLOYER'S NAME OR SCHOOL NAME
   MM   DD   YY              M []   F []                        [] YES  [X] NO

c. EMPLOYER'S NAME OR SCHOOL NAME                          c. OTHER ACCIDENT?                          c. INSURANCE PLAN NAME OR PROGRAM NAME
                                                               [] YES  [X] NO                          STATUS  -  GRADE  -  BRANCH -

d. INSURANCE PLAN NAME OR PROGRAM NAME                     10d. RESERVED FOR LOCAL USE                 d. IS THERE ANOTHER HEALTH BENEFIT PLAN?
                                                           OCL - N  TPL1 -   TPL2 -   TPL3 -            [] YES  [] NO   If yes, return to and complete item 9 a-d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE  I authorize the release of any medical or other information    13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE  I authorize
necessary to process this claim. I also request payment of government benefits either to myself or to the party who    payment of medical benefits to the undersigned physician or supplier for
accepts assignment below.                                                                                      services described below.
WRIGHT, RAYFORD
SIGNED  SIGNATURE ON FILE   RELEASE-  SIGN-     DATE                                                  SIGNED   SIGNATURE ON FILE   ASSIGN-

14. DATE OF CURRENT:          ILLNESS (First symptom) OR   15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS.    16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
    MM  DD  YY    ◄          INJURY (Accident) OR             GIVE FIRST DATE  MM   DD   YY                     MM   DD   YY                    MM   DD   YY
                             PREGNANCY (LMP)                                                                 FROM                        TO

17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE           17a. I.D. NUMBER OF REFERRING PHYSICIAN     18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
                                                                                                           MM   DD   YY                    MM   DD   YY
                                                                                                         FROM                        TO

18. RESERVED FOR LOCAL USE                                                                              20. OUTSIDE LAB?            $ CHARGES
CHIAA -           .00                                                                                      [] YES  [X] NO                  .00   ASF -

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)            22. MEDICAID RESUBMISSION
                                                                                                           CODE              ORIGINAL REF. NO.
 1. | 36720          3. |                                                                                          PFTM -
                                                                                                       23. PRIOR AUTHORIZATION NUMBER
 2. |                4. |                                                                                          PAI -          MTF -

| 24. A | | | | | | B | C | D | | E | F | G | H | I | J | K |
| DATE(S) OF SERVICE | | | | | | Place | Type | PROCEDURES, SERVICES, OR SUPPLIES | | DIAGNOSIS | $ CHARGES | DAYS | EPSDT | EMG | COB | RESERVED FOR |
| From | | | To | | | of | of | (Explain Unusual Circumstances) | | CODE | | OR | Family | | | LOCAL USE |
| MM | DD | YY | MM | DD | YY | Service | Service | CPT/HCPCS | MODIFIER | | | UNITS | Plan | | | |
| 08 | 02 | 05 | 08 | 02 | 05 | 11 | 6 | 92002 | 00  00  00  00 | 1 | 65  00 | 1 | | | | DEDMAN OD, |
| | | | | | | 3/11 | | | | | | | | | | TOM |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |

25. FEDERAL TAX I.D. NUMBER    SSN EIN   26. PATIENT'S ACCOUNT NO.   27. ACCEPT ASSIGNMENT?    28. TOTAL CHARGE    29. AMOUNT PAID    30. BALANCE DUE
710670979                                7017                          (For govt. claims, see back)
                                                                       [] YES  [] NO            65  00             0  00           65  00

31. SIGNATURE OF PHYSICIAN OR SUPPLIER    32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE   33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE
INCLUDING DEGREES OR CREDENTIALS              RENDERED (if other than home or office)                & PHONE #
(I certify that the statements on the reverse
apply to this bill and are made a part thereof.)   FAMILY EYE CARE CENTER PA                       FAMILY EYE CARE CENTER PA
CAN -   REGION - F                            515 CASH ROAD                                         515 CASH ROAD
SH -    ROUT -
SIGNATURE ON FILE                             CAMDEN        AR  71701                               CAMDEN       AR  71701   870 836-2525
SIGNED              Date                                                                            PIN#                     GRP# 710670979

PLEASE PRINT OR TYPE

"C"

# TRICARE EXPLANATION OF BENEFITS

**This is a statement of the action taken on your TRICARE claim.**
**Keep this notice for your records.**



**HUMANA.**
Military Healthcare Services

www.humana-military.com

| | |
|---|---|
| Date of Notice: | **August 10, 2005** |
| Sponsor SSN: | **\*\*\*-\*\*-5276** |
| Sponsor Name: | **RAYFORD J WRIGHT** |
| Beneficiary Name: | **RAPAELA WRIGHT** |

IIııulıııIIIıııIıIııIIIlııIIıııılIıııIIIIııııIIIIııIıIıIıI
**RAYFORD J WRIGHT
P O BOX 310
BEARDEN AR 71720-0310**

**Benefits were payable to:**

**THOMAS M DEDMAN OD
515 CASH ROAD
CAMDEN AR 71701**

## Claim Number: 5217X0HQC-00-00

| Services Provided By/ Date of Services | Services Provided | Amount Billed | TRICARE Approved | See Remarks |
|---|---|---|---|---|
| THOMAS M DEDMAN OD | | | | |
| 08/02/2005 | 001 Eye exam, new patient (92002) | 65.00 | 64.53 | 1, 2, 3, 4 |
| Totals: | | 65.00 | 64.53 | |

| Claim Summary | | Beneficiary Liability Summary | | Benefit Period Summary | | |
|---|---|---|---|---|---|---|
| Amount Billed: | 65.00 | Deductible: | 64.53 | **Fiscal Year Beginning:** | | |
| TRICARE Approved: | 64.53 | Copayment: | 0.00 | October 01, 2004 | | |
| Non-covered: | 0.47 | Cost Share: | 0.00 | | Individual | Family |
| Paid by Beneficiary: | 0.00 | Patient Responsibility: | 64.53 | Deductible: | 64.53 | 64.53 |
| Other Insurance: | 0.00 | | | Catastrophic Cap: | | 102.87 |
| Paid to Provider: | 0.00 | | | | | |
| Paid to Beneficiary: | 0.00 | | | | | |
| Check Number: | | | | | | |

### Remarks:

1 - CHARGES ARE MORE THAN ALLOWABLE AMOUNT.

2 - HUMANA AND PGBA ARE MAKING TRICARE EASIER. FOR ONLINE CLAIM AND REFERRAL STATUS, ELIGIBILITY AND MUCH MORE, VISIT WWW.HUMANA-MILITARY.COM AND WWW.MYTRICARE.COM.

3 - $102.87 HAS BEEN APPLIED TOWARD THE FISCAL YEAR CATASTROPHIC CAP OF $3,000.00.

4 - TRICARE PRIME CAN SAVE YOU MONEY. LEARN HOW TO ENROLL BY CALLING 1-800-444-5445.

**1-800-403-3950**
**THIS IS NOT A BILL**
If you have questions regarding this notice, please call or write us at telephone number/address listed above.



**T R I C A R E**
*South*

Page 1 of 1

Case 1:05-cv-00026     Document 66     Filed 01/11/2008     Page 39 of 46

CHAPTER 7
SECTION 6.1

# OPHTHALMOLOGICAL SERVICES

ISSUE DATE:  November 3, 1992
AUTHORITY:  32 CFR 199.4(c)(2)(xvi), (e)(6), (g)(46) and (g)(50)

I.  CPT[1] PROCEDURE CODE RANGES

92002 - 92060, 92070 - 92335, 92390 - 92499

II.  DESCRIPTION

Ophthalmological services may include an examination and other specialized services. The purpose of an examination is to diagnose or treat a medical condition of the eye, eyelid, lacrimal system, or orbit. A "routine eye examination" is an evaluation of the eyes, including but not limited to refractive services, that is not related to a medical or surgical condition or to the medical or surgical treatment of a covered illness or injury.

III.  POLICY

A.  For all beneficiaries, opthalmological services (including refractive services) provided in connection with the medical or surgical treatment of a covered illness or injury are covered.

B.  Section 632 of P.L. 98-525 signed into effect on October 19, 1994, authorizes payment under TRICARE for one routine eye examination per year per person for dependents of active duty members.

1.  Routine eye examinations as defined in 32 CFR 199.2 includes coverage of those services rendered in order to determine the refractive state of the eyes. The CPT[2] procedure codes for payment of routine eye examinations are as follows:

*92002 - EYE EXAM, NEW PATIENT*
*92004 - EYE EXAM, NEW PATIENT*
*92012 - EYE EXAM, ESTABLISHED PATIENT*
*92014 - EYE EXAM & TREATMENT*
*92015 - REFRACTION*
*99172 - OCULAR FUNCTION SCREEN*
*99173 - VISUAL ACUITY SCREEN*

---

[1] CPT codes, descriptions and other data only are copyright 2005 American Medical Association. All rights reserved. Applicable FARS/DFARS restrictions apply to Government use.

1                                                    C-23, April 28, 2005

"D"

Case 1:05-cv-00026    Document 66    Filed 01/11/2008    Page 40 of 46

2. TRICARE Prime active duty family members may receive an annual routine eye examination from any network provider without referral, authorization, or preauthorization from the Primary Care Manager (PCM), or any other authority; i.e., a Prime active duty family member will be allowed to set up his or her own appointment for a comprehensive eye examination with a network optometrist and/or ophthalmologist. Standard active duty family members may self-refer to an optometrist and/or ophthalmologist regardless of whether or not they are a network provider; i.e., a Standard active duty family member may set up his or her own appointment with either a network or non-network optometrist and/or ophthalmologist. (See Chapter 7, Sections 2.1 and 2.2.)

C. For Prime enrollees, see Chapter 7, Section 2.2 for additional information on eye examination.

IV. EXCLUSIONS

A. Coverage may not be extended for "routine eye examinations" provided to beneficiaries other than family members of active duty personnel.

B. Orthoptics, also known as vision training, vision therapy, eye exercises, eye therapy, is excluded by 32 CFR 199.4(g)(46) (CPT[2] procedure code 92065).

C. Heidelberg Retina Tomograph (HRT) is unproven.

- END -

---

[2] CPT code descriptions and other data only are copyright 2003 American Medical Association. All rights reserved. Applicable FARS/DFARS Restrictions Apply to Government use.

Case 1:05-cv-00026    Document 66    Filed 01/11/2008    Page 41 of 46

# Attachment F

  

**U.S. Department of Justice**

**LEONARDO M. RAPADAS**
*United States Attorney*
*Districts of Guam and NMI*



COPY

Sirena Plaza, Suite 500                        (671) 472-7332
108 Hernan Cortez Avenue              FAX:  (671) 472-7215
Hagatña,. Guam  96910

December 11, 2007

Wayson W.S. Wong
142 Seaton Blvd., Suite 101
Hagatna, Guam 96910

RE:  Lewis v. United States

Dear Wayson,

You have sent me a copy of a PDF draft settlement agreement that we had  worked on after hours one night.  Let me walk through a brief overview of our discussions and drafts as best I can.

Originally, I sent you the standard Department of Justice settlement agreement language.  You wanted to alter the standard language so that the agreement would be kept secret.  Your written changes were typed in for review.  There are limitations that apply to the United States and so I changed language in the relevant paragraph such that I would agree to cooperate with your efforts to the extent I was allowed.  We were trying to work out language that would satisfy both of us, to the greatest extent possible, as to the secrecy you requested.

That was the point where I sent a PDF copy to you (call this "DRAFT 2").

We then discussed your hope to have your client's medical insurance obligations relieved by the agreement.  I noted then that you had also changed language in another section of the standard agreement in an attempt  to exempt your client from her obligations to her insurance regarding her co-payment for private doctors she went to for treatment.  I have made every effort to make clear to you that I have no influence with the amounts charged by private providers, nor do I have any ability to change the coverage she negotiated and paid for with her insurance company.

I then emailed and subsequently forwarded a hard copy that had both the language about cooperating with your request for secrecy and language to make it clear that I have no influence over your client's insurance or her private providers of medical care.

As I continue to offer,....... if you can show me particular bills you are concerned about, I would be happy to analyze whether the billing is coming from treatment at the U.S. Naval Hospital Guam or Tripler such that I could influence its billing.   To date you have refused to show me anything.   Instead, you want to engage in abstract discussions that you seem to hope will give you an argument that your client is somehow relieved of her duties to pay her insurance company for treatment that she got from

**Attachment F**



private providers.

Now it appears that you have taken the PDF draft copy from the evening when we were focused on the secrecy language, added your signature to the PDF, and state that you want to call it the "settlement agreement" in this case. Draft 2 is not the settlement agreement in this case. That is why the draft was in PDF form only.

At every stage in your arguments, I have made every effort to emphasize two points:

1). I can only cooperate with your efforts at secrecy to the extent it does not conflict with other requirements imposed on the United States to reveal such agreements; and

2). I have no influence over the amounts private providers charge to your client and can not give her an argument to not pay her co-payments and other obligations to her insurance company.

I am concerned that you would sign a PDF, non original, and in an attempt to get something that is not agreed to and is not possible.

My Best,

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

BY: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney

# Attachment G



COPY

*Sirena Plaza, Suite 500*      *(671) 472-7332*
*108 Hernan Cortez Avenue*      *FAX: (671) 472-7215*
*Hagatña,, Guam 96910*

December 5, 2007

Wayson W.S. Wong, Esq.
142 Seaton Blvd, Ste 101
Hagatna, Guam 96910

       Re: <u>Lewis v. United States</u>

Dear Wayson,

       Enclosed is the standard USDOJ form for settlement. A footnote is included to clarify that the co-payment obligations of your client to her insurance company for care received from private doctors are not affected by our settlement. The United States has agreed not to pursue the costs of her medical care by DOD doctors at the U.S. medical facilities where she received surgery and follow-up treatment.

       I have also included language stating that we will cooperate in your efforts keep the settlement confidential, to the extent that we can.

       You may be subsequently asked to provide further information for the electronic transfer of funds. The prompt return of these documents will assure that the payment is provided quickly.

       Thank you.

                      LEONARDO M. RAPADAS
                      United States Attorney
                      Districts of Guam and NMI

BY: _____
                      MIKEL W. SCHWAB
                      Assistant U.S. Attorney

**Attachment G**